VICKSBURG MANUFACTURING AND SUPPLY COMPANY v. JAF-FRAY CONSTRUCTION COMPANY ET AL.

·[49 South. 116.]

1. MECHANICS' LIENS. *Notice to owner. Requisites*

Under Code 1906, § 3074, relating to mechanics' liens, and requiring notice from the person furnishing the material, a notice of an unpaid bill for material furnished a contractor, which states that persons giving the notice act as agents only for others, to whom the bill is due, is not a sufficient notice to bind the amount in the hands of the owner of the building; and, as the owner did not owe the alleged principals, the persons giving the notice cannot claim that they have paid the amount of the bill to the alleged principals and have been ·subrogated to their rights against the owner.

2. SAME. *Appeal and error. Review. Questions considered. Change of issues.*

Where a personal action is brought against a contractor by a materialman for a balance due, and the owner of the building is joined, and an attempt is made to establish a materialman's lien, but no personal judgment is sought against the owner, it cannot be urged, on appeal from an instruction to find for the owner, that the evidence established an independent contract between the owner and the materialman to pay for the material furnished, as the issues on appeal must be the same as those made in the lower court.

3. SAME. *Frauds, statute of. Promises to answer for debt of another.*

An agreement by the owner of a building to become liable as surety for material furnished his contractor is within the statute of frauds.

From the circuit court of Warren county.

Hon. John M. Bush, Judge.

The Vicksburg Manufacturing and Supply Company, appellant, a corporation, was plaintiff in the court below and John H. Jaffray, doing business under the name "The Jaffray Construction Company," and another, appellees, were defendants there. From a judgment adverse to plaintiff it appealed to the supreme court.

The opinion states the facts. Code 1906, § 3074, referred to in the opinion is as follows:

*Subcontractors, laborers, etc., may bind the amount due the contractor by written notice.*—When any contractor or master workman shall not pay any person who may have furnished materials used in the erection, construction, alteration, or repairing, of any house, building, structure, fixture, boat, watercraft, railroad embankment, or the amount due by him to any subcontractor therein, or the wages of any journeyman or laborer employed by him therein, such person, subcontractor, journeyman or laborer may give notice, in writing, to the owner thereof of the amount due; and thereupon the amount that may be due by such owner to the contractor or master workman shall be bound and liable in the hands of such owner for the payment of the sum so claimed; and if, after notice, the contractor or master workman shall bring suit against the owner, the latter may pay into court the amount due on the contract; and the person giving notice shall be summoned to contest the demand of such contractor or master workman; and the court may cause an issue to be made up and tried, and direct payment of the amount claimed by the person giving notice out of the money so paid into court; or, in case the person giving the notice shall sue the contractor or master workman, he shall make the owner a party to the suit, and thereupon the owner may pay into court the amount due on the contract, or sufficient to pay the sum claimed, and costs, and the court shall award the same to the person who may be entitled thereto; and in neither case shall the owner be liable

to pay costs; but if the owner, when sued with the contractor or master workman, shall deny any indebtedness sufficient to satisfy the sum claimed, and all costs, the court, at the instance of the plaintiff, may cause an issue to be made up to ascertain the true amount of such indebtedness, and shall give judgment and award costs according to the justice of the case. In case judgment shall be given in favor of the person giving the notice, as hereinbefore provided for, against the owner, such judgment shall be a lien from the date of such notice, on the building, house, structure, fixture, boat, watercraft, railroad, or railroad embankment in or upon which the material or labor mentioned in such notice was used or done, and may be enforced as in case of liens in other cases provided for in this chapter.

*Harris & Willing,* for appellant.

The evidence shows that Jaffray unequivocally promised appellant's representative to pay for the material, and since the material was delivered on the faith of the promise, a binding contract arose between appellant and Askew whereby the latter obligated himself to pay cash for the millwork. This was not a promise upon the part of Askew to guarantee the payment of Jaffray's account, which would be invalid under the statute of frauds, but it was an unequivocal promise on Askew's part to pay for the millwork. In other words, the credit was extended directly to Askew by appellant, who was unwilling to carry out its contract with Jaffray because of his failure to comply with previous obligations. See *Lake v. Brannin,* 90 Miss. 737, 44 South. 65.

The testimony of the secretary and manager of the appellant shows that appellant and Askew had entered into an independant contract in regard to the millwork wherein Askew bound himself directly to pay appellant the amount sued for, hence the lien arose in favor of appellant by virtue of a sale of the material directly to Askew, the owner. The relationship of appellant and Askew to each other was such that notice was im-

material. See *Academy v. Port Gibson Mfg. Co.,* 80 Miss.
517, 32 South. 311.

This court has repeatedly held that the statute in regard to
the lien of mechanics and materialmen must be literally con-
strued. *Buck v. Brian,* 2 How. (Miss.), 874; *Buchanan v.
Smith,* 43 Miss. 90; *Weathersby v. St. Clair,* 43 Miss. 189;
*Sharpe v. Spengler,* 48 Miss. 360.

But if notice was necessary under the circumstances, the let-
ter of October 15, 1907, to Askew was sufficient. Askew was
thereby informed of the nature and amount of the debt. He
knew that it was for millwork to be furnished for his building,
and the exact amount of the bill was stated in the letter. He
knew of the contract between appellant and Jaffray, and, in ad-
dition, according to the testimony of appellant's secretary and
manager, a new contract was entered into between him and
plaintiff whereby the credit was extended directly to Askew,.
and the millwork was delivered to him on the faith of his prom-
ise to send a cheque in payment for it promptly. The object
of notice is to impart to the owner information of the amount
and character of the claim intended to be fixed as a lien upon
the property so that he may protect himself in any future deal-
ings with the contractors. 15 Am. & Eng. Ency. Law. (1st
ed.), 127; 27 Cyc. 118; *Towner v. Remick,* 19 Mo. App. 205;
*Hausman Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587.

Certainly the notice was sufficient in favor of Gauger & Com-
pany, for whom this appellant claims to be acting as agent; and,
as appellant has paid Gauger & Company in full, appellant
should now be subrogated for whatever rights accrued in favor
of Gauger & Company under such notice.

*Catchings & Catchings,* for appellees.

The peremptory instruction in favor of appellee, Askew, was
properly granted, because of appellant's failure to comply with
the statutory requirements as to notice in the following par-
ticulars.

1. The notice was defective. While it is true that the notice required to be given is sufficient if it substantially conforms to the statutory requirements, yet to so conform it must be such as will fairly inform the owner of the nature and amount of the claim and of the intention to fix a lien therefor. 20 Am. & Eng. Ency. Law (2d ed.), 380.

2. By the undisputed testimony nothing was due on account of the millwork at the time the notice was given. Under the terms of Code 1906, § 3074, no lien can be fixed for a debt not due at the time the notice is given.

3. The notice purports only to fix a lien for the millwork, while this suit is for the balance alleged to be due on the entire contract between appellant and Jaffray which balance includes many other materials. The bill of particulars filed with the petition shows that only one account was kept which included the lumber as well as the millwork. The amount sued for is ascertained merely by deducting from the aggregate amount due for all the materials furnished the aggregate amounts paid on the account.

4. Appellee paid the appellant, after the date of the notice, sums sufficient to discharge the lien if any was created.

5. The lien related only to particular items of the indebtedness due or to become due from Jaffray to appellant. Under the statute the materialmen cannot require the owner to keep an elaborate set of books and accounts of the different items, but the person seeking to fix a lien must give notice of the full amount due. The materialman is entitled to only one lien, and that for the entire amount.

6. The notice was given on behalf of Gauger & Company who were strangers to the proceedings and not entitled to a lien under any circumstances. 20 Am. & Eng. Ency. Law (2d ed.), 336.

7. The notice was not properly served. In order for one to avail himself of the statute he must bring himself within its

terms. The statute never intended that an individual could secure a lien because another had given a notice which was effectual only as to the person giving notice.

Argued orally by *R. P. Willing,* for appellant, and by *O. W. Catchings,* for appellee.

Fletcher, J., delivered the opinion of the court. .

Appellant, a dealer in builders' supplies, filed a petition in the circuit court of Warren county against the Jaffray Construction Company and one Dr. J. B. Askew, Jr., seeking to enforce a materialman's lien upon a building constructed for Askew by John H. Jaffray, a contractor doing business under the style of the Jaffray Construction Company. From a peremptory instruction in favor of Askew, the supply company appeals.

The effect of the judgment of the circuit court was to release the building from any lien. Judgment by default was taken against Jaffray; he having made no defense to the action. The case tried in the circuit court seems to have turned entirely upon the question whether a certain letter written by appellant's secretary and manager to appellee Askew was sufficient notice under section 3074, of the Code of 1906, to bind the hands of Askew and in favor of appellant any amount which Askew at that time owed to the contractor. We deem it unnecessary to consider here the question of what amount was really due, at the time of the alleged notice, or whether any amount that might subsequently become due could be affected by the notice. Nor do we deem it essential to the decision of the case, as we view it, to consider the contention that the sum named in the alleged notice was subsequently paid. We may assume, for the purposes of this decision, that Askew owed Jaffray, at the time the letter of October 15 was written, more than the sum of $842; · . that being the amount mentioned in the letter. We purpose to consider only the effect of the notice. Many objections are

urged to the sufficiency of this letter as notice, but we confine this opinion to one which we think renders the notice fatally defective.

The letter recited: "As far as the millwork bill of $842 is concerned, the balance of this material was delivered yesterday, and as we act simply in the capacity of agents for the shippers, Messrs. John A. Gauger & Co., of Chicago, Ill., we beg to advise that the amount of this bill, $842, will be due from this contract, and you will govern yourself accordingly." It should be remembered that, in this phase of this case, Askew had no contractual relations whatever with appellant, and appellant could secure a lien or subject Askew to personal liability only by giving notice under the statute. His case must therefore stand or fall upon the notice. Now it is evident that the notice does not inform Askew that anything whatsoever is due from Jaffray to appellant. On the contrary, there is a distinct and unequivocal declaration that the debt is due, not to appellant, but to appellant's principal, Gauger & Co. Can it be said that, when Askew was notified that Jaffray owed Gauger & Co. certain moneys for materials, a lien thereby arises in favor of appellant, an altogether distinct and separate concern? The lien is what is here sought to be enforced, and this lien arises only from the fact of written notice, and that solely by virtue of the statute. In order to avail one's self of the provisions of the statute, one must bring himself within its terms, either literally or by fair intendment; and surely the statute never meant that one individual could secure a lien because another had given a notice which was effectual as to the person giving notice. It is said, however, that the notice was sufficient in favor of Gauger & Co., for whom appellant claimed to be acting as agent, and that appellant, having paid Gauger in full, is now subrogated to whatever rights were by the notice secured by Gauger & Co. But the trouble with this contention is that as a matter of fact Jaffray never owed Gauger & Co. anything, and consequently Gauger & Co. never at any time had any rights to which appellant

could be subrogated. We are clearly of the opinion that the written notice was insufficient, and that appellant acquired no lien thereby.

It is here argued that the peremptory instruction was improper upon another distinct and independent ground. It is said that the secretary and manager of the appellant company testified to facts which tended to show that appellant and Dr. Askew had entered into an independent contract in regard to the millwork, by which Askew bound himself directly to pay appellant the amount sued for, and that therefore appellant came into such contractual relations with the owner that a lien arose by virtue of a sale of materials direct to the owner; that in this aspect of the case the notice was immaterial, and the suit was maintainable regardless of such notice. There is force in the contention, and it might prevail, if the course of the trial in the circuit court permitted that argument to be made in this court. But an examination of the petition clearly shows that no such issue was submitted to the circuit court. The suit was manifestly one to enforce a lien secured by notice. This view as to the distinct liability of Askew is entirely inconsistent with any liability by Jaffray. Askew and Jaffray cannot be jointly liable. If Jaffray is primarily liable, and Askew secondarily so, as a surety or guarantor, then the undertaking of Askew, not being in writing, is within the statute of frauds. So that appellant's only hope is to hold Askew alone liable for this particular bill for millwork, and this necessarily involves the release of Jaffray. And yet there is suit and personal judgment against Jaffray, there is an express averment that Jaffray owed the $842, there is a recital as to the notice discussed in a previous part of this opinion, and a prayer that the debt be established as a lien from the date of the notice. There can be no doubt that the whole proceeding was an effort to enforce a lien obtained by notice. We reiterate what has so often been said by this court, that parties must in this court abide by the issues made in the lower court by the pleadings and proof.

*Affirmed.*