## Turman *v.* Tupelo Brick & Tile Co.

(Division B.   Nov. 13, 1939.)

[192 So. 40.   No. 33863.]

**Blair & Anderson,** of Tupelo, for appellant.

**Adams & Long**, of Tupelo, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

S. P. Turman, the appellant, contracted with one W. W. Green to build a house for Turman, Green to furnish the material and labor and to turn the property over to Turman for a given sum when completed. This is what is known as a lock and key job. The contract provided that W. W. Green was to furnish all materials and labor necessary to complete the seven room and bathroom frame residence according to plans and specifications prepared by one Lester Johnson, with all the addenda to specifications as inserted by pencil, for the sum of $2,120. Green was to furnish all materials and labor, for all plumbing, gas connections, and outlets to each room, and wiring, Green also to furnish the owner with a list of all

parties furnishing materials and labor on the job, and upon completion to furnish the owner with release in full of all the lien rights. In consideration of these considerations, Turman agreed to pay Green on Saturday of each week a weekly payment in accordance with the work completed as allowed by Lester Johnson. Money for the materials, plumbing, and electrical work was to be paid at the completion of the building.

Green entered upon contract, but, before completing it, decided he was unable to complete it, and turned the house over to Turman with the understanding that if Turman could save any money on the original contract in completing the building, that such saving would be paid to Green. Green had bought certain materials from the Tupelo Brick and Tile Company and had been charged with them upon the books of that Company. Turman completed the house, but at a loss. In other words, he had to pay more in finishing the house than he would have paid under the original contract. Consequently, there was no saving on the contract.

The Tupelo Brick and Tile Company did not serve any notice upon Turman prior to the time Green turned the building unfinished over to Turman. Consequently, the Tupelo Brick and Tile Company acquired no lien upon the property. There was no promise in writing by Turman to pay the debt of Green. Under the facts stated, there was no liability by Turman to the Tupelo Brick and Tile Company. The court granted a peremptory instruction for the plaintiff for $90, the amount of this demand, with six per cent interest from the 13th of September, 1937, from which judgment this case is appealed here.

We think the court was in error in granting the peremptory instruction for the plaintiff, but that it should have granted the request of the defendant for the peremptory instruction. The judgment will therefore be reversed and judgment rendered here in favor of the defendant, Turman.

Reversed and rendered.