SMITH, Justice.
This is an appeal by Annie Laura Phillips from a judgment impressing her property with a materialmen’s lien, rendered by the Circuit Court of the First Judicial District of Jasper County, in favor of ap-pellees, F. G. & H. Millwork Manufacturing Company, a corporation, W. A. Reynolds d/b/a Heidelberg Building Supply Company, and Weber Gatlin d/b/a Gatlin Building Supply.
Appellant, Annie Laura Phillips, had entered into a contract with one Elijah Watts under the terms of which he obligated himself to furnish all labor and material for the construction of a house upon a lot owned-by her, for a contract sum of $3,000. Appellees, Weber Gatlin d/b/a Gatlin Building Supply,. W. A. Reynolds d/b/a Heidelberg Building Supply Company, and F. G. & H. Millwork Manufacturing Company, a corporation, supplied the contractor, Elijah Watts, with materials that went into the construction.
These materials were sold to Watts and charged to him upon the books of the suppliers. ■ •
Before the house was completed, Watts abandoned the job and left for parts unknown. The sums charged to Watts by appellees remaining unpaid, proceedings were filed against him for the amounts due, in which appellant, Annie Laura Phillips, also was made a defendant, appellees claiming a lien upon her property under the provisions of-Mississippi; Code Anno *844 tated section 356 (1956). Appellee F. G. & H. Millwork Manufacturing Company was brought in and propounded a similar claim as a supplier of materials for the project. There also were other defendants named in the petition but their rights are not involved on this appeal.
A trial of the case resulted in verdicts for the three claimants against Elijah Watts, as well as against appellant, Annie Laura Phillips. Judgments were entered accordingly and were made liens upon the property of the latter. From those judgments, Annie Laura Phillips has prosecuted this appeal. There has been no appeal by Elijah Watts.
Appellant has assigned several grounds for reversal, including the action of the trial court in overruling her motion for judgment notwithstanding the verdict.
The original pleadings filed by the ma-terialmen alleged, in substance, that Elijah Watts, as contractor, entered into agreements with them to furnish to him materials which were delivered and used in the construction and that this was known to appellant, Annie Laura Phillips.
A demurrer was interposed on behalf of appellant Phillips, apparently upon the ground that no cause of action was stated against her. This demurrer does not appear to have been acted upon. Nevertheless, appellees subsequently amended by inserting allegations that: (1) Appellant was indebted to Elijah Watts, the contractor, at the time of service upon her of “stop notices”, and (2) Elijah Watts, as contractor, with “full knowledge, consent and agreement of Annie Laura Phillips,” entered into agreements with petitioners to furnish the materials.
Appellant raises the question that these amendments stated new causes of action against her, filed more than one year after the materials were furnished, and are barred under the terms of the statute. As the case must be reversed upon other grounds, it is not necessary to determine that question.
Upon the trial of the case, it was shown without dispute that none of the materials were charged to Annie Laura Phillips, but that all had been sold to Elijah Watts, as contractor, and charged solely to him.
The only testimony offered for the purpose of showing that Annie Laura Phillips was liable for Watts’ debt to Weber Gatlin was the latter’s statement that he had talked to her on the telephone and that she had said she would be responsible for it.
In support of the claim of W. A. Reynolds, the evidence offered consisted wholly of hearsay, to the introduction of which timely objection was interposed. Moreover, even this testimony was that “she would stand good for the bill.” Likewise, the claim of F. G. & H. Millwork Manufacturing Company against appellant was based solely upon hearsay, and was sought to be established by testimony of its manager, who had no personal knowledge whatever of an agreement on the part of Annie Laura Phillips to pay the debt of Elijah Watts.
No evidence was offered to support the allegation, incorporated in the petition by amendment, that anything was due from appellant to Elijah Watts at the time of the service of the “stop notices”, except the testimony of Annie Laura Phillips herself. She testified that, in the course of the construction, she had advanced the contractor, Elijah Watts, $1900 of the contract sum of $3,000 and she figured construction had reached a stage where the work completed was probably worth about $100 more than the amount already advanced to him. However, it is undisputed that Watts had not completed the contract, but had abandoned it. Nor does it appear what the cost of completion would have been.
It was not established that anything further was due the contractor by Annie Laura Phillips.
*845 In Williams v. Taylor, 216 Miss. 563, 62 So.2d 883 (1953), the Court said:
“ * * * even though the contract does not require that the owner pay anything before completion of the job, the owner may nevertheless make advances to the principal contractor during the progress of the work in any method and at any time they may agree upon and he will be protected in so doing.” 216 Miss, at 569, 62 So.2d at 885.
It is clear, from the only testimony on the subject in the record, that Watts had not completed the work as required by the contract so as to entitle him to the balance of the contract sum, but had defaulted.
As stated in Williams v. Taylor, supra,
“ * * * if nothing is then owing by the owner to the contractor, the subcontractors, laborers and materialmen have no lien on the property nor any valid claim against the owner for the debts owing to them by the contractor; * * * ” 216 Miss. at 569, 62 So.2d at 885.
Annie Laura Phillips denied agreeing to pay these accounts for materials sold and charged to contractor Watts. A finding of such an agreement on her part, that is, to make herself responsible for the payment of his debts, cannot be supported wholly by hearsay testimony. Moreover, such an oral agreement on the part of appellant to be liable for the debt of Watts is invalid under the provisions of the Statute of Frauds (Miss. Code Ann. § 264 (1956)) requiring such an undertaking to be in writing. The same objection applies to the agreement said to have been made by her on the telephone. In the absence of any writing, it is likewise invalid. Vicksburg Mfg. & Supply Co. v. J. H. Jaffray Const. Co., 94 Miss. 282, 49 So. 116 (1909) ; Hendricks v. Robinson & Stevens, 56 Miss. 694 (1879).
Appellees wholly failed to establish any valid claim against appellant, Annie Laura Phillips, and her motion for judgment notwithstanding the verdict should have been sustained.
Reversed and judgment here for Annie Laura Phillips.
GILLESPIE, P. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.