ETHRIDGE, Chief Justice:
This is an appeal from a decree of the Chancery Court of Panola County. Thomas L. King, appellant, sued to cancel a notice of construction lien filed by Bewel and Burton Hankins, doing business as Hankins Lumber Company (hereinafter called Han-kins), and a lien asserted by the Bank of Sardis. The chancery court cancelled these claims, but on cross-bills awarded Hankins and the bank personal judgments against King.
In 1963, Bob Bowden by an oral contract agreed to build a house for King on the latter’s property. It was to be a “lock and key” job. Bowden, doing business as Bob Bowden Construction Company, purchased materials for the house from Han-kins. The invoices were charged to Bob Bowden Construction Company. In April 1964, the contractor, Bowden, abandoned the job without paying Hankins for the materials furnished him. Before the abandonment Bowden assigned all of his rights under the oral King contract to the bank as security for a loan. Hankins filed notice of a materialman’s lien, but took no other steps to protect its interest, until the present bill of complaint was filed by King more than two years later. The trial court correctly held that the materialman’s lien was barred by the twelve-month statute of limitations. Miss. Code 1942 Ann. § 360 (1956).
King sought to cancel the lien notice of Hankins and any lien claimed by the bank.. By cross-bills these parties asked for personal judgments against King for debts growing out of the purchase of materials by the contractor, and the contractor’s assignment. Although cancelling the claimed liens of defendants, the chancery court entered a money judgment against King personally in favor of Hankins in the amount of $2,500, and in favor of the bank for $500.
King contracted for a “lock and key” job. Hankins sold the lumber and other materials to Bowden, the contractor, relying upon his credit. There is no evidence to show that King entered into any original obligation with Hankins to purchase materials from it. The invoices were made out to Bob Bowden Construction Company, and Bowden is liable for them. As an accommodation to a carpenter working for Bow-den, on two occasions King hauled materials from the Hankins yard to the project. However, those invoices were also charged to Bowden, not King.
Bowden did not complete the work as required by his contract with King, so he is not entitled to any payment from King. Since nothing is owed by the owner to the contractor, the materialman can have no lien on the property, nor any valid claim against the owner for the debt owed to it by the contractor. King did not agree to pay the debts of Bowden, and moreover, an oral agreement to be liable for the debt of Bow-den would be invalid under the statute of frauds. Phillips v. F. G. & H. Millwork Mfg. Co., 190 So.2d 843 (Miss.1966); Williams v. Taylor, 216 Miss. 563, 62 So.2d 883 (1953); Chancellor v. Melvin, 211 Miss. 590, 52 So.2d 360 (1951); Turman v. Tupelo Brick & Tile Co., 187 Miss. 33, 192 So. 40 (1939).
Since Hankins, the materialman, did not perfect its statutory lien within time, and relied upon the credit of Bowden, it has no right to a personal judgment against King. Williams v. Taylor, 216 Miss. 563, 62 So.2d 883 (1953). Moreover, the Bank of Sardis had no contract with the landowner. It relied upon the credit of Bowden, to whom it loaned the money.
*192 For these reasons, that part of the decree awarding appellees personal judgments against the appellant is reversed and judgment is rendered here for the appellant.
Reversed and judgment rendered here for appellant.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.