[No. 13593. Department Two. — November 18, 1891.]

## CHRISTINA L. LANGAN, RESPONDENT, v. JOHN A. LANGAN, APPELLANT.

DIVORCE — ALIMONY — PENDENCY OF DEMURRER TO COMPLAINT. — An order of court in an action of divorce, allowing the plaintiff therein alimony, is not erroneous because made before any issue of fact was joined, and while a demurrer to the complaint was pending, which demurrer was afterwards sustained.

ID. — LIMITATION OF ALIMONY — IMPLICATION. — Such order is not erroneous because the requirement to pay the amount fixed by it is not expressly limited to such time as the action in which it is made shall be pending. By necessary implication the order ceases to have any operation after the entry of judgment.

ID. — APPEAL — REVIEW OF DISCRETION. — An order allowing alimony in a suit for divorce will be affirmed upon appeal, if it does not appear that the court, upon the facts before it, committed any abuse of discretion.

APPEAL from an order of the Superior Court of the city and county of San Francisco allowing alimony.

The facts are stated in the opinion of the court.

*Matthews & Morse,* for Appellant.

*John E. Sundstrom,* and *Manuel Eyre,* for Respondent.

DE HAVEN, J. — This is an appeal by the defendant from an order made in an action for divorce allowing the plaintiff therein alimony. The order is as follows: "The order to show cause having been heretofore submitted to the court for consideration and decision, and now the court having fully considered the same, it is ordered that the defendant pay to the plaintiff the sum of twenty-five dollars ($25) per month alimony."

1. This order was made before any issue of fact was joined in the said action for divorce, and while there was pending a demurrer to the complaint, which demurrer was afterwards sustained.    The order is not erroneous for this reason.    The action for divorce was pending at the time it was made, and the court had undoubted jurisdiction to make it.

2. The order is not erroneous because the requirement to pay the amount fixed by it is not expressly limited to such time as the action in which it is made shall be pending.    By necessary implication it ceases to have any operation after the entry of judgment.

3. We cannot say that in making the order upon the facts before it, the court committed any abuse of discretion.

Order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.