EDITH KELLY GOULD, Appellant, *v.* FRANK JAY GOULD, Respondent.

First Department, June 9, 1922.

**Husband and wife — divorce — action by wife — decree of divorce granted to husband by French courts prior to commencement of present action — parties resided in France, adultery committed by wife there, personal service on wife who defended action — French courts had jurisdiction of prior action — matrimonial domicil defined — French decree does not contravene our public policy — dismissal of complaint on merits proper.**

In an action for divorce the defendant interposed the defense that the plaintiff was not his wife at the time the action was commenced, on the ground that prior thereto he had secured a decree in the courts of France divorcing him from the plaintiff. The plaintiff here contends that the French courts were without jurisdiction upon the ground that the domicil of the parties was in this State, and not in France, and that, therefore, the French decree was invalid.

*Held*, that the French courts had jurisdiction in the prior action not alone of the person of the plaintiff here, but also of the subject-matter of the action, for it appears that not only did the present plaintiff appear in that action, and defend it, but that she had theretofore instituted an action herself in the French courts to secure a divorce from the present defendant; that while the domicil of the defendant herein for the purpose of succession to his property was in the State of New York, the parties had lived in France for more than six years before the action was instituted; that they did not go to France for the purpose of procuring a divorce; that the offense which constituted the basis of the action was committed there; that jurisdiction of the person of the present plaintiff was acquired by personal service of process within the territorial jurisdiction of the court; that the decree was not by default, but the present plaintiff appeared and contested the action, and that the decree was rendered for a cause that would be sufficient therefor in the State of New York.

A husband may have both a personal domicil and a matrimonial domicil. The matrimonial domicil may be defined to be a place where a husband and wife have established a home in which they reside in the relationship of husband and wife; it is the place where the marital contract is being performed.

The decree of the courts of France does not contravene the public policy of this State.

The court below properly granted defendant's motion for judgment on the pleadings dismissing plaintiff's complaint upon the merits.

APPEAL by the plaintiff, Edith Kelly Gould, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of July, 1921, granting defendant's motion that the complaint be dismissed on the merits, and also from a judgment entered on said order in said clerk's office on the same day.

*Jenks & Rogers* and *Eugene E. Sperry* [*Almet F. Jenks* of counsel; *Gustavus A. Rogers, Gardiner Conroy* and *Harry L. Kreeger* with him on the brief], for the appellant.

*Leonard & Walker* [*Samuel Seabury* of counsel; *Walter B. Walker* with him on the brief], for the respondent.

PAGE, J.:

We passed on most of the contentions of the appellant in the present appeal upon the appeal from the order granting counsel fee to enable the plaintiff to prosecute this appeal. (*Gould* v. *Gould*, 201 App. Div. 127.) Therefore, it is only necessary to consider such arguments advanced on this appeal as were not disposed of on the former appeal.

The appellant claims that the Civil Tribunal of Versailles could not obtain jurisdiction to grant a decree of divorce because it appeared in the recitals thereof that Frank Jay Gould was domiciled at Tarrytown, U. S., and residing temporarily at Maison Lafitte, 5 Avenue Picard. The question of jurisdiction, on the ground that the domicil of the parties was Tarrytown in the State of New York, was raised in the court of first instance and there overruled, for the reason that the objection to the jurisdiction was not raised at the first opportunity, which was when plaintiff was summoned for conciliation. If the final decision had rested on this ground, we should have been compelled to hold that the question of jurisdiction was improperly disposed of by the French courts. On appeal, however, the Cour d'Appel de Paris, in sustaining the jurisdiction of the court, placed its decision on an entirely different ground. Before Mr. Gould brought his suit for divorce Mrs. Gould had herself begun a suit for divorce against him, in the same Civil Tribunal of Versailles, and obtained the preliminary order enabling her to proceed according to the law and practice of the courts of France. The Cour d'Appel held that the position taken by Mrs. Gould was inconsistent with the conclusions by which she denies the competency of the French judges; that by first beginning herself a divorce proceeding before the Court of Versailles, she manifested at the very start of the conflict her intention to put herself under the French jurisdiction; that she persisted in that intention when her husband brought suit against her, by safeguarding by formal reservations her right to renew in the form of a countersuit her own divorce case, and concludes " considering that in keeping the jurisdiction of the case, the court rests upon the ground that the divorce proceeding is based upon acts of adultery committed in France and that the said court correctly found that as the wrongs invoked were con-

nected with the sojourn of the married couple in France, the French courts were properly qualified to pass upon them."

The appellant contends, however, that the common-law theory of private international law is that the marital status of the parties can be adjudicated only by the courts of the jurisdiction wherein the parties are domiciled; that residence or the place where the offence is committed is immaterial. In the cases cited by the appellant the question of domicil of the parties arose because the defendant was not served personally within the jurisdiction, and have little force as precedents, where personal service of process was made within the territorial jurisdiction of the court or the defendant appeared in the action either personally or by attorney, except the case of *Andrews* v. *Andrews* (188 U. S. 14), in which the husband, who was a citizen of the State of Massachusetts, went to a foreign State for the purpose of securing a divorce and without acquiring a *bona fide* domicil, an action was instituted and the wife appeared by attorney, pursuant to an agreement on the part of the wife to consent to a decree of divorce for desertion in such foreign State although that was not recognized as a cause for divorce in Massachusetts. Thereafter the husband died and the wife claimed the right to administer the estate. The statutes of Massachusetts provided that " a divorce decreed in another State or country according to the laws thereof, and by a court having jurisdiction of the cause and of both the parties, shall be valid and effectual in this Commonwealth; but if an inhabitant of this Commonwealth goes into another State or country to obtain a divorce for a cause which occurred here while the parties resided here, or for a cause which would not authorize a divorce by the laws of this Commonwealth, a divorce so obtained shall be of no force or effect in this Commonwealth." (Pub. Stat. Mass. 1882, p. 817, chap. 146, § 41; 2 R. L. Mass. 1902, p. 1357, chap. 152, § 35. Now 2 Gen. Laws Mass. 1921, p. 2247, chap. 208, § 39.) The Supreme Court of the United States held that, as the State of Massachusetts has exclusive jurisdiction over its citizens concerning the marriage tie and its dissolution, and consequently the authority to prohibit them from perpetrating a fraud upon the law of their domicil by temporarily sojourning in another State and there procuring a decree of divorce without acquiring a *bona fide* domicil, upon grounds which do not permit a divorce in Massachusetts, the courts of that State were not required by section 1 of article 4 of the United States Constitution to give faith and credit to the decree of the foreign State, against the public policy of the State of Massachusetts as expressed in its statutes. The distinctions between that case and the instant case are obvious. In

this case the parties did not go to France for the purpose of procuring a divorce. They had lived there for more than six years before the action was instituted. The offense which constituted the cause of action was committed there. Jurisdiction of the person of the defendant was not acquired by appearance, but by personal service of process within the territorial jurisdiction of the court. The decree was not by default; the defendant appeared and contested the action. Finally the decree was rendered for a cause that would be sufficient therefor in the State of New York. (See Code Civ. Proc. § 1756 *et seq.;* now Civ. Prac. Act, § 1147 *et seq.*)

In my opinion, the courts of France had jurisdiction not alone of the person but also of the subject-matter of the action.

The domicil of Frank Jay Gould for the purpose of succession to his property was in Tarrytown, State of New York. While it is true that a man can have but one domicil, it does not necessarily follow that the husband and wife may not establish a matrimonial domicil different from that of the husband. This is recognized in those cases where the husband has abandoned the matrimonial domicil and gone to another State and there established his domicil. In theory, the domicil of the husband is the domicil of the wife, and yet if the wife remains in the matrimonial domicil, it is the court of the latter that has jurisdiction to dissolve the marriage tie, and not that of the husband's new domicil. (*Haddock* v. *Haddock*, 201 U. S. 562, 570.) In the cases of *Atherton* v. *Atherton* (181 U. S. 155) and *Thompson* v. *Thompson* (226 id. 551) the court emphasized the fact that the courts of the State of the matrimonial domicil had jurisdiction as against those of the State where one of the parties had established a domicil. These cases relate, to be sure, to the question of jurisdiction where one of the parties had left the matrimonial domicil. But nevertheless, they demonstrate that there can be a personal domicil distinct from the matrimonial domicil. The matrimonial domicil, in my opinion, may be defined to be the place where a husband and wife have established a home, in which they reside in the relation of husband and wife. It is the place where the marital contract is being performed. And although one party or the other may abandon the relation and leave the jurisdiction, nevertheless, the *res* remains in the place where the contract was last being performed.

In the case under consideration the parties had established a home in Paris, France, and lived in that home for five years as man and wife. The wife left this home, but not the city. Therefore, Paris, France, was the last matrimonial domicil; this

fact, in conjunction with the commission of the offense in that country, gave the courts of France jurisdiction of the subject-matter of the action.

The decree of the courts of France does not contravene the public policy of this State. In fact, the decree of the court, taking into consideration the nationality of the parties, recites that the offense is one for which the laws of the State of New York would grant a divorce. For the foregoing and the reasons stated in our former opinion, the court at Special Term properly granted the defendant's motion for judgment on the pleadings and for judgment dismissing plaintiff's complaint "upon the merits on the ground that the plaintiff herein was not at the time of the commencement of this action the wife of the defendant herein."

The order and judgment should, therefore, be affirmed, with costs.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.