[L. A. No. 6741. In Bank.—March 8, 1923.]

HARRY C. WALKER, Appellant, v. LUELLA WALKER, Respondent.

DIVORCE—ATTORNEY'S FEES AND COSTS—POWER OF COURT.—Under section 137 of the Civil Code, the court, at any time during the pendency of an action for divorce, has authority to require the husband to pay as alimony any money necessary to enable the wife to prosecute or defend the action, where it is found that the parties are husband and wife, that the husband has the ability to pay and the wife is without the necessary means.

APPEAL from an order of the Superior Court of Los Angeles County requiring plaintiff to pay money to be applied as defendant's costs and attorney's fees in an action of divorce. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clark & Law for Appellant.

Frank B. Amend and Amend & Amend for Respondent.

WASTE, J.—Appellant, who is the plaintiff, brought an action against the respondent, who is his wife, for a divorce. After answer filed and due proceedings therefor had, the court made an order that appellant pay to respondent the sum of one hundred dollars on account of court costs and attorney's fees incurred in defense of the action. This appeal, which is without merit, is from that order.

The appellant alleged in his complaint that he and the respondent intermarried at the place and time stated "and ever since said date last mentioned have been and now are

husband and wife.'' The trial court found that the defendant was the wife of plaintiff, as alleged by him. On the hearing of the motion it was established, in fact the appellant admitted, that he was well able to pay the costs and attorney's fees awarded by the court, and the court found that the defendant was wholly without means. Under such circumstances section 137 of the Civil Code in terms authorizes the court at any time during the pendency of an action for divorce, in its discretion, to require the husband to pay as alimony any money necessary to enable the wife to prosecute or defend the action. (*Ex parte Joutsen,* 154 Cal. 540, 544 [98 Pac. 391]; *Stewart* v. *Stewart,* 156 Cal. 651, 655 [105 Pac. 955].)

The order is affirmed.

Kerrigan, J., Seawell, J., Myers, J., Lennon, J., Lawlor, J., and Wilbur, C. J., concurred.