[Civ. No. 9242.  Second Appellate District, Division One.—June 14, 1935.]

L. R. BAIRD, as Receiver, etc., Appellant, v. TOM SMITH, Respondent.

F. C. Heffron and George H. Stone for Appellant.

Donald Armstrong for Respondent.

SHINN, J., *pro tem.*—In this action upon a promissory note, the findings of the court sustained the defense of accord and satisfaction. ██ One of the points made by the plaintiff upon his appeal from the judgment is that defendant's answer alleged satisfaction of the note, arrived at through agreement with the payee bank, whereas the proof showed an agreement between the maker and a receiver of the bank.

Defendant's testimony in support of this defense was received without objection. It included evidence of negotiations concluded with two separate receivers of the bank and while there were some variations as to the particulars of the agreement alleged and the agreement made, they did not relate to matters of substance, nor were they such as to prejudice plaintiff in the presentation of his case. The situation is very clearly one in which the objection of variance between pleading and proof is waived by the failure to make it upon the trial. If, during the trial, plaintiff was not conscious of having suffered any disadvantage on account of the supposed inadequacy of defendant's answer and he chose to make no objection to the evidence offered thereunder, we cannot see how the point can justly be raised on appeal when it is too late to amplify the allegations of the answer by amendment. The rule is well established that where a case is tried upon the theory that the pleadings are sufficient to admit the evidence which is received, the question of their insufficiency cannot afterwards be raised. (*Busch* v. *Los Angeles Ry. Co.*, 178 Cal. 536 [174 Pac. 665, 2 A. L. R. 1607]; *Etienne* v. *Kendall*, 202 Cal. 251 [259 Pac. 752]; *Russell* v. *Ramm*, 200 Cal. 348 [254 Pac. 532].)

■ Defendant's testimony was to the effect that a parcel of land in the state of North Dakota, upon which defendant held a second mortgage, was conveyed to the receiver of the payee bank; that defendant agreed to satisfy his mortgage on the land and in consideration therefor defendant's note to the bank was to be considered paid and surrendered to him. Defendant testified that pursuant to this agreement, he executed and delivered to the receiver a satisfaction of the mortgage which he held, and the receiver agreed to cancel and return his note. The trial court decided this issue of accord and satisfaction in defendant's favor. These findings are questioned by appellant upon the ground that it was not shown that the receiver had authority to compound defendant's debt to the bank. Under the statutes of North Dakota, which governed the actions of the receiver, he had authority to compound bad or doubtful debts. Appellant contends that defendant's obligation was not shown to have been either bad or doubtful, but that upon the contrary it was shown to have been good. There was testimony by the president of the plaintiff bank that the note was good at the time it was given, in 1915 or 1916. However, the agreement of compromise was made in January, 1921, and no evidence was given as to the value of the note or the worth of its maker at the time. We think the case is ruled by the presumption that official duty has been properly performed. It does not appear that the consideration given the receiver in the settlement was of less value than the note. It will not be presumed that the receiver, a public officer, exceeded his authority and that he compromised the claim of the bank against defendant wrongfully, or in violation of his legal duties. ■ It will be presumed, therefore, that defendant's debt to the bank was one which the receiver could rightfully settle without exacting payment in money. (Code Civ. Proc., sec. 1963, subd. 15; *Mead* v. *City of Los Angeles,* 185 Cal. 422, 426 [197 Pac. 65] ; 22 Cor. Jur. 130; *Woolridge* v. *La Crosse Lumber Co.,* 291 Mo. 239 [236 S. W. 294, 19 A. L. R. 1068] ; *Oliver* v. *United States,* 267 Fed. 544; *Smythe* v. *Central Vermont Ry. Co.,* 88 Vt. 59 [90 Atl. 901].)

■ It is further claimed by appellant that after the date of defendant's agreement with the receiver, defendant repudiated and abandoned the agreement. This argument is based upon correspondence from the defendant to the receiver, in which defendant requested payment of the mortgage note, of

which he had formerly given the receiver a written satisfaction. There was no evidence that the receiver acquiesced in the suggestions contained in the letter and if it be considered that defendant made the proposition to abandon the agreement of settlement, his offer would be ineffective unless accepted. There appears to be ample reason for the conclusion of the trial court that the agreement of settlement was neither rescinded nor abandoned. The evidence supports the finding of the court and the appeal presents no cause for disturbance of the judgment in defendant's favor.

Judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 12, 1935.