[Crim. No. 2170. First Appellate District, Division Two.—December 16, 1940.]

In re ASA L. COOK, on Habeas Corpus.

Raine Ewell for Petitioner.

Raymond D. Williamson for Respondent.

Aaron Vinkler, as *Amicus Curiae,* on Behalf of Respondent.

NOURSE, P. J.—Petitioner seeks his release in *habeas corpus* from a commitment for contempt for failure to comply with an order for payment of alimony and suit money.

The petition alleges and the proof is that he was married to Mary Jane Cook on August 2, 1909. She procured an interlocutory decree of divorce from him on July 18, 1928, and on March 31, 1931, the final decree was entered. The parties lived together as husband and wife, and children resulted from the union. On February 28, 1920, while this relation existed, the petitioner married Hilda E. Cook. They also lived together and raised children. On May 31, 1940, Hilda filed an action for divorce against petitioner to which he cross-complained setting up the illegality of this marriage because of the existing marriage with Mary. Upon the demand of Hilda in her divorce proceedings the petitioner was ordered to pay alimony *pendente lite* and suit money. He was adjudged guilty of contempt for failure to comply with that order. In this proceeding for *habeas corpus* Hilda filed an answer to the petition denying the allegation that in her divorce proceedings she filed an answer to this cross-complaint in which she denied that petitioner was married to another person at the time of the marriage of these parties. On the hearing of this petition there was received in evidence duly certified copies of the certificate of marriage of petitioner and Mary, certified copy of the final decree of divorce, and proof of Hilda's knowledge of the former marriage relation.

The one question before us is whether the trial court had jurisdiction to make the contempt order. It is the petitioner's contention that the second marriage was void *ab initio* and that he is not for that reason subject to the orders of the court through an award of alimony payable to the second wife. This position must be sustained.

Section 61 of the Civil Code declares in part: "A subsequent marriage contracted by any person during the life of a former husband or wife of such person, with any person other than such former husband or wife, is illegal and void from the beginning, unless:" The exceptions found in subdivisions one and two of this section are in no sense applicable here.

A marriage so contracted is a legal nullity and its invalidity may be shown at any time. (*Estate of Gregorson,* 160 Cal. 21 [116 Pac. 60, Ann. Cas. 1912D, 1124, L. R. A. 1916C, 697]; *Blumenthal* v. *Blumenthal,* 97 Cal. App. 558 [275 Pac. 987]; *People* v. *Glab,* 13 Cal. App. (2d) 528 [57 Pac. (2d) 588]; 16 Cal. Jur., p. 923.) In the proceedings before the trial court the petitioner endeavored to make the showing that the marriage sought to be dissolved was void from the beginning. He alleges that he was denied that privilege. He has not appealed from the order of commitment, but rests his attack upon the ground that it was beyond the jurisdiction of the trial court. This is so if the marriage to Hilda was void because, under section 137 of the Civil Code it is only a "husband" or a "wife" who may be required to pay alimony or suit money pending the action for divorce. It should be noted that the action instituted by Hilda is a simple action for divorce. It is not an equitable action by a "putative" wife for the adjustment of "community" property rights as in *Sanguinetti* v. *Sanguinetti,* 9 Cal. (2d) 95 [69 Pac. (2d) 845, 111 A. L. R. 342].

The undisputed record before us discloses that the petitioner is not now and never has been the husband of Hilda, that their pretended marriage was void from the beginning, that the superior court was without jurisdiction to entertain her action for a divorce, and equally without jurisdiction to order petitioner imprisoned for failure to comply with the illegal award of alimony and suit money.

The prisoner is discharged and his bail exonerated.

Sturtevant, J., concurred.