[Civ. No. 13912. Second Dist., Div. Two. Dec. 11, 1942.]

BETTE JANE PARMANN, Respondent, v. CLARENCE FRED PARMANN, Appellant.

Eugene Harrah and Kenneth F. Schade for Appellant.

Clarence Hansen for Respondent.

GOULD, J. pro tem.—Defendant-appellant seeks to set aside an order requiring him to pay court costs and attorney's fees in an action brought to terminate a void marriage.

Plaintiff Bette Jane Parmann filed her complaint in two counts. In the first she alleged that she and defendant, Clarence Fred Parmann, intermarried at Yuma, Arizona, March 21, 1940, at which time defendant had a former wife living, and that his marriage to his former wife was in force, undissolved by decree of divorce or otherwise. In the second cause of action she alleged that defendant since said marriage had wrongfully inflicted upon her grievous mental and physical suffering, anguish and pain. Her prayer was that the court decree that said marriage be declared void on account of defendant's preexisting marriage, or, in the alternative, that she be granted a decree of divorce upon the ground of extreme cruelty. By appropriate allegations and prayer she sought alimony, costs and attorney's fees.

Upon hearing of an order to show cause why defendant should not be required to pay such support money, costs and fees, an order was made by the trial court that he pay to plaintiff $25 per week for her support and the further sum of $250 attorney's fees, and $15 court costs. Subsequently the court vacated the requirement for support, but otherwise allowed the former order to stand.

Not only by the allegations of plaintiff's verified complaint was the fact of the void marriage presented to the court, but both defendant and plaintiff testified to the same effect at the show cause hearing. Such a marriage by the provisions of

section 61 of the Civil Code is illegal and void from the beginning. The invalidity of such a marriage may be shown at any time. (*Estate of Gregorson,* 160 Cal. 21 [116 P. 60, Ann. Cas. 1912D, 1124, L.R.A. 1916C, 697] ; *People* v. *Glab,* 13 Cal.App.2d 528 [57 P.2d 588].) ██ Under section 137 of the Civil Code the court's power to order alimony, costs and attorney's fees may be exercised only in favor of a "husband" or "wife."

Quite obviously, therefore, where, as here, it is established that the relationship of husband and wife does not exist, where the marriage is illegal and void from the beginning, the court is without jurisdiction to order such payments. (*In re Cook,* 42 Cal.App.2d 1 [108 P.2d 46].)

Respondent urges that equitable considerations—the tender age of the woman, the greater culpability of the man, his previous marital experience and his more mature reasoning and judgment—should move the court to a more tolerant view of the law in such a case as this. Unfortunately, even if the court might venture to weigh the respective degrees of culpability and responsibility of the parties to such a romantic adventure, this is not a case where equity may be invoked. A plain and inflexible law fixes the status of the parties. No discretion is left to the court. The fact having been established that the purported marriage was void *ab initio,* appellant, as indeed respondent likewise, was relieved of all the obligations imposed by law upon the status of a married person. The condition permitting a suit-money order was absent.

It follows that the order appealed from should be reversed, and it is so ordered, neither party to recover costs on appeal.

Wood (W. J.), Acting P. J., and McComb, J., concurred.