[Civ. No. 14748.   Second Dist., Div. One.   June 18, 1945.]

Estate of WILLIAM CRAWFORD, Deceased. BESSIE GATES et al., Appellants, v. ANTOINETTE MILBURN CRAWFORD, Respondent.

William Ellis Lady for Appellants.

John J. McMahon for Respondent.

DRAPEAU, J. pro tem.—Decedent and respondent were residents of Los Angeles. On or about October 19, 1943, they went to Tiajuana, Mexico. While there decedent went into an office to see if they could get married; when he came out he told respondent they could get married and then they both went in.

While in the office they signed papers and answered questions put to them by a Mr. Soriano. Decedent paid this man $23, whereupon he told them to stand up, pronounced them man and wife, and congratulated them. Before they left he told them they would get some papers later on. These papers were received by decedent and respondent by mail about two weeks afterward. They were received in evidence and show a proxy marriage in Juarez, Mexico, based upon the appearance of the parties at Tiajuana, and their nomination of proxies.

After the marriage the parties returned to Los Angeles and lived together as husband and wife for a short time. Decedent made a will giving all of his property to his wife. During the time they were living together he introduced her as his wife. Then trouble ensued. Decedent left the family dwelling house and made a last will leaving his property to beneficiaries not his wife. He attempted to negotiate a property settlement agreement with her, and in his last will recited that she was his wife.

January 18, 1944, decedent died in Los Angeles. Matters connected with the last will have been determined on another appeal in this court.

In the present case respondent petitioned the probate court for a family allowance; an order was made granting her an allowance of $150 per month as the widow of decedent, from which order appeal has been perfected.

The principal ground of appeal is that the Tiajuana marriage was illegal and void. Other grounds are that the court erred in admitting certified copies of the documentary record of the marriage by proxy; and that, assuming there was a valid marriage, at the time of death of decedent, respondent was not a member of the family.

Facts in this case are similar in many respects to those in *Estate of Chandler*, 113 Cal.App. 630 [299 P. 110]. In that case, as in this, the widow testified that there was a marriage in Tiajuana. Cohabitation in that case was for a long time; in the present case for a short time. Based upon the testimony of a marriage ceremony in Tiajuana and subsequent cohabitation, it was held that the trial court was entitled to apply the presumption that the marriage was valid and legal. In this case, the trial court has adopted the same presumption that there was a valid marriage. There being substantial evidence in support of the presumption, this court is without power to set it aside.

It therefore becomes unnecessary to consider whether there was error in admitting in evidence the record of the proxy marriage.

This brings us to the final contention of appellant, that the widow was not a member of decedent's family at the time of his death, and is therefore not entitled to a family allowance. The parties did live together from October 13, 1943, to about December 1, 1943. There was a quarrel between them at about that time, decedent took up his residence with friends and acquaintances, and died January 18, 1944. Granting family allowance is a matter of discretion for the probate court and such orders may not be disturbed unless it appears there was an abuse of discretion. The recited facts support the order.

The order is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 16, 1945, and appellants' petition for a hearing by the Supreme Court was denied August 16, 1945.