[L. A. No. 19225. In Bank. May 28, 1946.]

RUTH COLBERT, Respondent, v. JOSEPH W. COLBERT, Appellant.

278

Clarence Hansen for Appellant.

Michael Rudolph and Daly B. Robnett for Respondent.

EDMONDS, J.—In an action for separate maintenance, Joseph W. Colbert was ordered to make certain payments pendente lite. Upon his appeal from that order, and also from a later one denying a motion to vacate it, the question for decision concerns the marital status of the parties.

The complaint of Ruth Colbert alleges that "she and defendant intermarried at Benton, Texas, May 3, 1940, and ever since have been and now are husband and wife." Conduct characterized as extreme cruelty is pleaded as a cause of action. Upon the hearing of an order to show cause, Colbert was required to pay, pendente lite, stated amounts for her support and for attorney's fees, and costs. A few days later, Colbert filed a motion to set aside the order upon the ground of lack of jurisdiction, asserting that there is no subsisting marriage between the parties. In an affidavit in support of this motion, he alleged that at the hearing in response to the order to show cause, the court was advised that, in a prior action between the parties, they had been divorced.

In the affidavit of Mrs. Colbert in opposition to the motion, she asserted that the decree of divorce was obtained with the understanding that the parties would continue as husband and wife. The necessity for the proceeding, the affiant explained, was that she and Colbert could not, as husband and wife, continue to be employed by the federal government in the same establishment. They then agreed that she would secure a decree of divorce from him, "but that their marital relations should not in [any] way be disturbed." After the divorce, the affidavit continued, she and Colbert, as husband and wife, lived in Texas for about two years and held themselves out to the public generally as husband and wife. They later lived together in Los Angeles, where they separated in 1944. In conclusion, it was asserted that under the laws of the State of Texas, which recognizes common law marriages, there is a valid and subsisting marriage between the parties.

At the hearing of the motion to vacate the order requiring Colbert to make specified payments, there was received in evidence a certified copy of the decree of divorce entered by the Texas court. Colbert testified that he separated from his wife at the time of the divorce and that he did not thereafter marry her. But he also testified that after the divorce they continued living together for "about half the time," that they held themselves out to the public as "Mr. and Mrs. Colbert," and that they "split the bills." Ruth Colbert testified to substantially the same facts as she stated in her affidavit. Upon this evidence the court denied the motion to vacate the order.

As grounds for his attack upon the two challenged orders, the appellant contends that in the absence of a marriage status, the court had no jurisdiction to order him to make any payments. Since the complaint alleges only a statutory marriage, the question as to whether or not there was a common law marriage is not in issue and cannot be substituted at will for a statutory marriage. In any event, Colbert concludes, the evidence is insufficient to establish a common law marriage.

In answer to these contentions, the respondent asserts that as there is no transcript of the evidence upon which the first order was based, there is a presumption that it is amply supported by the evidence. Concerning the appeal from the order denying the motion to vacate the original order, says the respondent, Colbert admits in his affidavit in support of the motion that the court had jurisdiction. The verified complaint states all the necessary jurisdictional facts. Colbert by personally appearing without objection at the hearing, waived the defense of lack of jurisdiction. Furthermore, she says, the trial court had no authority to vacate the prior order and, in any event, a common law marriage under the law of Texas was proven. It is also contended that the allegations of the complaint are not controlling as to the date, place, or kind of marriage.

█ The existence of the marriage is a jurisdictional prerequisite for the right of the court to order support, costs, and counsel fees pendente lite in an action for divorce or separate maintenance. (*Carbone* v. *Superior Court*, 18 Cal.2d 768, 771 [117 P.2d 872, 136 A.L.R. 1260]; *Talbot* v. *Talbot*, 218 Cal. 1, 2 [21 P.2d 110]; *Parmann* v. *Parmann*, 56 Cal.App.2d 67, 69 [132 P.2d 851]; *In re Cook*, 42 Cal.App.2d 1, 3 [108 P.2d 46].) And the invalidity of the marriage, as is true of any jurisdictional prerequisite, may be shown at any time.

(*Parmann* v. *Parmann, supra,* p. 69; *In re Cook, supra,* p. 3.) However, the evidence necessary to prove a marriage need not be as complete and satisfactory upon an application for temporary support as that required at the time of trial, to prove a marriage which is disputed by one of the parties. (*Carbone* v. *Superior Court, supra,* p. 772.)

■ Ordinarily, the law of the place of marriage controls the question of its validity. (*Estate of Keig,* 59 Cal.App.2d 812, 816 [140 P.2d 163]; Rest., Conflicts, § 121; 18 R.C.L. 388; 133 A.L.R. 765; 94 A.L.R. 1006; 60 A.L.R. 546; 39 A.L.R. 559.) This general rule has been adopted in California. Section 63 of the Civil Code provides that ''all marriages contracted without this state, which would be valid by the laws of the country in which the same were contracted are valid in this state.'' By this statute California recognizes common law marriages validly contracted in a sister state. (*McDonald* v. *McDonald,* 6 Cal.2d 457 [58 P.2d 163, 104 A.L.R. 1290]; *Estate of Gosnell,* 63 Cal.App.2d 48 [146 P.2d 42]; *Estate of Keig, supra.*)

The law of Texas concerning marriage has been stated as follows: ''Marriage is a status, the living together of a man and a woman as husband and wife, under an agreement, express or implied, that such shall be their relation to each other. It is well settled in this state that the agreement need not be solemnized by any ceremony, or be under license from the state; but it is also settled that the agreement, in order to be effective, must be followed by the parties living together publicly as husband and wife.'' (*Bobbitt* v. *Bobbitt* (Tex. Civ.App., 1920), 223 S.W. 478, 482; see, also, *Perales* v. *Flores* (Tex.Civ.App., 1941), 147 S.W.2d 974; *Drummond* v. *Benson* (Tex.Civ.App., 1939), 133 S.W.2d 154; *Adams* v. *Adams* (Tex. Civ.App., 1939), 132 S.W.2d 497.) ■ The uncontradicted evidence of the parties shows that after the divorce, they lived together as husband and wife both in Texas and California and held themselves out to the public as having that relationship. This evidence, and the testimony of Ruth Colbert ''that such divorce was had with the understanding that the parties would continue as husband and wife, and that the divorce would be a mere formality to comply with the employment laws of the United States,'' is sufficient proof of marriage to support an order awarding temporary support, attorney's fees, and costs.

■ The allegations of the complaint do not necessarily control the disposition of an application for support pendente lite.

It is sufficient if the marriage is established by the evidence. (See *Walker* v. *Walker,* 190 Cal. 575 [213 P. 967]; *Ex parte Joutsen,* 154 Cal. 540 [98 P. 391]; *Langan* v. *Langan,* 91 Cal. 654 [27 P. 1092]; *Thomas* v. *Thomas,* 66 Cal.App.2d 818 [153 P.2d 389]; *Brinkley* v. *Brinkley,* 50 N.Y. 184 [10 Am.Rep. 460].) In the present case there is no variance between the allegations in the pleading and the proof which misled the appellant to his prejudice; thus the court was justified in finding according to the evidence in spite of the alleged limited scope of the pleading. (Code Civ. Proc., §§ 469, 470; see 21 Cal.Jur. 264.) Furthermore, the point of alleged variance, not having been raised at the hearing, was waived. (*Cushing* v. *Pires,* 124 Cal. 663, 665 [57 P. 572]; *Stockton etc. Wks.* v. *Glens etc. I. Co.,* 121 Cal. 167, 171 [53 P. 565]; *Baird* v. *Smith,* 7 Cal.App.2d 597, 598 [46 P.2d 830]; see 21 Cal.Jur. 276; 2 Cal.Jur. 239.)

 The appellant has not presented a transcript of the hearing upon the return of the order to show cause, and it must therefore be presumed that the order requiring Colbert to pay stated amounts pendente lite is supported by the evidence. The evidence introduced by the parties upon the motion to vacate adds weight to this presumption. Undoubtedly the evidence at each of the hearings was substantially the same.

 An appeal does not lie from an order denying a motion to vacate a judgment if the grounds upon which the moving party sought to have the judgment vacated existed before its entry and were available on appeal therefrom. (*Litvinuk* v. *Litvinuk,* 27 Cal.2d 38, 44 [162 P.2d 8]; *Mather* v. *Mather,* 22 Cal.2d 713, 720 [140 P.2d 808].) The appeal from the order denying the motion to vacate is therefore dismissed. The order for the temporary support of Ruth Colbert and the payment of specified amounts for attorney's fees and costs is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred. Schauer, J., concurred in the judgment.