[Civ. No. 3444.  Fourth Dist.  Dec. 11, 1947.]

LILLIAN WILLIAMS PATTERSON, Respondent, v. EDMUND DeWITT PATTERSON JR., Appellant.

Surr & Hellyer and John B. Surr for Appellant.

Karl F. King for Respondent.

MARKS, J.—This is an appeal from a judgment in an action for separate maintenance in which defendant, the former husband of plaintiff, was directed to pay her $100 per month for her support and $200 per month for the support of the two minor children of the parties.

This action was filed on March 28, 1945. It is alleged that defendant treated plaintiff in a cruel and inhuman manner; that defendant boasted that he intended to divorce plaintiff and "to carry out said intention he absconded from the State of California and went to Las Vegas, State of Nevada, for the purpose of unlawfully and fraudulently establishing his resident and for the purpose of unlawfully and fraudulently securing a divorce from plaintiff; that said defendant is not a resident of Las Vegas, Nevada, and plaintiff is informed and believes and alleges the fact to be that said defendant will attempt to establish an illegal residence as aforesaid for the purpose of avoiding his legal responsibility to plaintiff and the minor children of plaintiff and defendant, and for the purpose of evading the laws of the State of California."

Defendant filed a demurrer in the separate maintenance action on May 2, 1945, and an answer on May 24, 1945, and by leave of court a supplemental answer on November 19, 1945, in which it was alleged that by a decree of the Eighth Judicial District Court of the County of Clark, State of Nevada, dated June 13, 1945, defendant had been granted a final decree of divorce from plaintiff which had become final

and that plaintiff and defendant were no longer husband and wife.

In the complaint filed in the Nevada court it is alleged that plaintiff (Mr. Patterson) was "able to pay to defendant (Mrs. Patterson) the sum of One Hundred ($100.00) Dollars per month for her support and maintenance until her death or remarriage" and asked that he be required to pay $50 per month for the support of each minor child.

The judgment required Mr. Patterson to pay $50 per month for the support of each minor child but awarded Mrs. Patterson nothing.

The instant case went to trial on December 7, 1945, and findings of fact and a judgment were signed on January 22, 1946. Defendant moved for a new trial and on February 20, 1946, new and different findings of fact and conclusions of law and judgment were signed. They are now before us for review.

It was found that plaintiff and defendant were married on December 3, 1930, and remained husband and wife until June 13, 1945, when the marriage was dissolved by the Nevada divorce decree and that "thenceforth plaintiff and defendant were not husband and wife, but were by said decree divorced"; that the allegations of the complaint we have quoted were untrue; that "defendant did, about March 15, 1945, go to Las Vegas, Clark County, Nevada, and in good faith take up his residence there, and ever since March 15, 1945, has been a resident in good faith of the City of Las Vegas, Clark County, Nevada, and did there duly obtain the decree of divorce referred to above."

In the conclusions of law we find the following:

"First: That the matrimonial domicile of plaintiff and defendant since their marriage on December 3, 1930, was and now is the County of San Bernardino, State of California.

"Second: Defendant is not and since June 13, 1945, has not been the husband of plaintiff, but plaintiff and defendant were on said date by said decree duly and regularly divorced.

"Third: On or before the 5th day of February, 1946, and on or before the 5th day of each succeeding month until further order of the above entitled court, defendant shall pay to plaintiff the sum of $100.00 for her support and maintenance, by way of alimony."

The judgment contained the following:

"First: That at all times since December 3, 1930, which was the date of the marriage of plaintiff and defendant, the

matrimonial domicile of said parties has been and now is the County of San Bernardino, State of California.

"Second: Ever since March 15, 1945, defendant, Edmund DeWitt Patterson, Jr., has been a resident in good faith of the City of Las Vegas, Clark County, Nevada; and on June 13, 1945, a 'Decree of Divorce' in the form of Exhibit 'A' annexed hereto, and which is hereby incorporated herein, was duly given and rendered . . . and plaintiff, Lillian Williams Patterson, and said defendant were by said decree duly and regularly divorced and since the rendition of said decree have not been husband and wife but have been duly and regularly divorced."

Defendant was required to pay plaintiff $100 per month for her support and maintenance and $200 per month for the support and maintenance of the two children.

While various questions are argued by counsel, we need consider but two of them, namely, the validity of the Nevada decree of divorce and the legality of the award of $100 per month for the support of plaintiff in an action for *separate maintenance* after the bonds of matrimony between the parties had been dissolved by the Nevada decree.

■ Plaintiff attacks the Nevada decree on the ground of fraud. She argues that it was obtained by false testimony of her cruel treatment of defendant. A similar argument was made and rejected in the case of *Baldwin* v. *Baldwin*, 28 Cal. 2d 406 [170 P.2d 670], on the authority of *Williams* v. *State of North Carolina*, 317 U.S. 287 [63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273].

She also seems to argue that the Nevada decree was void because defendant was never a bona fide resident of that state. While it is not clearly stated, we assume that this is somewhat based on the conclusion of law and the recital in the judgment to the effect that at all times since December 3, 1930, the *matrimonial domicile* of the parties "has been and now is, in the County of San Bernardino, State of California."

"Matrimonial Domicile" was defined in *Gould* v. *Gould*, 201 App.Div. 670 [194 N.Y.S. 745], as follows:

"The matrimonial domicile, in my opinion, may be defined to be the place where a husband and wife have established a home, in which they reside in the relation of husband and wife. It is the place where the marital contract is being performed." (See, also, *De Bouchel* v. *Candler*, 296 F. 482;

*Rontey* v. *Rontey,* 101 Misc. 166 [166 N.Y.S. 818] ; *Ex parte Allan,* 220 Ala. 482 [125 So. 612].)

This conclusion of law and this portion of the judgment finds no support in the findings of fact already quoted and are directly contrary to them as well as contrary to other conclusions of law and other portions of the judgment. As they have no support in the findings we may disregard them for the purpose of this opinion.

We have studied the record and it supports the findings of the trial judge to the effect that defendant became an actual bona fide resident of Nevada on or about March 15, 1945. The facts in the instant case are very similar to those detailed in *Baldwin* v. *Baldwin, supra,* where it was held that a Nevada divorce was valid and should be given full force and effect in California. (See, also, *Estate of Paul,* 77 Cal.App.2d 403 [175 P.2d 284].)

The right of a former wife to recover in an action for *separate maintenance* for support money from a former husband from whom she has been finally divorced seems settled in California. In *DeYoung* v. *DeYoung,* 27 Cal.2d 521 [165 P.2d 457], it was held that a valid Mexican divorce was a bar to a subsequent action by the divorced wife for separate maintenance. In an opinion concurring in the judgment, written by Mr. Associate Justice Schauer and concurred in by two other associate justices, we find the following:

"Separate maintenance differs from alimony in that it presupposes a continuing marital status. The right to it cannot be established without proof that such status is existent as of the time of trial. Proof of prior dissolution of the marriage is, therefore, a complete defense to such an action."

In *Colbert* v. *Colbert,* 28 Cal.2d 276 [169 P.2d 633], it was said:

"The existence of the marriage is a jurisdictional prerequisite for the right of the court to order support, costs, and counsel fees pendente lite in an action for divorce or separate maintenance. (*Carbone* v. *Superior Court,* 18 Cal.2d 768, 771 [117 P.2d 872, 136 A.L.R. 1260] ; *Talbot* v. *Talbot,* 218 Cal. 1, 2 [21 P.2d 110] ; *Parmann* v. *Parmann,* 56 Cal.App. 2d 67, 69 [132 P.2d 851] ; *In re Cook,* 42 Cal.App.2d 1, 3 [108 P.2d 46].) "

In addition to those already cited, the cases of *Howell* v. *Howell,* 104 Cal. 45 [37 P. 770, 43 Am.St.Rep. 70] ; *Cardinale* v. *Cardinale,* 8 Cal.2d 762 [68 P.2d 351] ; *Calhoun* v. *Calhoun,*

70 Cal.App.2d 233 [160 P.2d 923]; and *Calhoun* v. *Calhoun,* 81 Cal.App.2d 297 [183 P.2d 922], follow the same rule.

It follows that as the right to separate maintenance to be recovered in such a separate maintenance action depends on the existence of the marriage relation and as plaintiff was not the wife of defendant at the time of the trial, the award to plaintiff of $100 per month for her support and maintenance cannot be upheld.

The case of *Bernard* v. *Bernard,* 79 Cal.App.2d 353 [179 P.2d 625], does not conflict with this conclusion as no final decree of divorce had been rendered and the parties were still husband and wife when she was given support money.

The other questions argued by plaintiff are sufficiently disposed of by what we have already said.

In the closing page of his brief defendant says:

"We respectfully urge that the portion of the lower court decree awarding support money to Mrs. Patterson should be stricken out. In this event Patterson will not cavil at the $200 per month allowance for his boys even though it may be excessive."

Under these circumstances we need not consider the question of the allowance for the support of the children.

The judgment is modified by striking therefrom the following:

"Third: On or before the 5th day of February, 1946, and on or before the 5th day of each succeeding month until further order of the above entitled court, defendant shall pay to plaintiff the sum of $100.00 for her support and maintenance, by way of alimony."

As so modified, the judgment is affirmed. Plaintiff will recover her costs of appeal.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied January 6, 1948, and respondent's petition for a hearing by the Supreme Court was denied February 5, 1948. Carter, J., and Traynor, J., voted for a hearing.