439 P.2d 687 (1967)
Phillip A. LOPEZ, Plaintiff in Error,
v.
Frank BONNER, Defendant in Error.
No. 41554.
Supreme Court of Oklahoma.
December 26, 1967.
Rehearing Denied April 23, 1968.
Ruthe G. Jacobson, Beverly Hills, Cal., Hamilton, Kane & Kane, Pawhuska, for plaintiff in error.
R.D. Mahan, Pawhuska, for defendant in error.
*688 DAVISON, Justice.
Phillip A. Lopez appeals from a judgment of the District Court of Osage County, Oklahoma, adjudging that he was not the surviving husband of Flora B. Lopez and not entitled to receive any part of the assets of her estate.
This matter was originally filed in the County Court of the above county, where Phillip instituted proceedings to probate the estate of Flora, who had died intestate in California leaving an estate in Osage County consisting of a .48750 Osage Indian Headright, or mineral interest of the Osage Tribe of Indians. The County Court decreed that Flora was not married at the time of her death and that her sole heir was her brother, W.F. Bonner (Frank Bonner, defendant in error herein).
Phillip A. Lopez appealed to the District Court where a trial de novo was held. The District Court found that Flora was unmarried when she died and that she left no child or children, and no other heir, except her brother, W.F. Bonner. In support of the judgment rendered by that court, supra, the judge found that a claimed marriage in Mexico between Phillip and Flora was fictitious and fraudulent; that at the time of such "marriage" Phillip knew or should have known he had a living wife from whom he was not divorced; and concluded that the Mexican marriage was not valid and, if it did occur, it was bigamous and void.
As a preliminary matter we point out that Phillip and Flora were residents and living in the State of California at all times pertinent to the validity of an alleged marriage between Phillip and Flora. The validity of the marriage will be determined by the laws of California. Red Eagle v. Cannon, 201 Okl. 511, 208 P.2d 557 and 55 C.J.S. Marriage § 4 b (1), p. 811. The parties in their briefs have accepted this as being the applicable rule of law.
We further point out that a common law marriage, based on cohabitation, acts and representations in California, is not recognized in the State of California. In California only ceremonial marriages may be contracted. Cal.Civ.Code, § 55. The parties in effect concede this is the law in California.
Phillip's evidence was in the form of depositions of himself and other persons taken in California. Phillip testified that he and Flora were married February 12, 1949, in Tijuana, Mexico, and that the circumstances were that he and Flora and another couple were there during the weekend; that the rituals were conducted in a place of business or office in the Mexican language, which Flora did not understand, and was not a religious ceremony, and they signed papers which were not notarized by a notary public; that he paid $25 and got a marriage certificate. Phillip testified he gave the man performing the ceremony $25 in cash, and, "The way I understand, its off the record. That's what I heard somewhere else when it's that much money" and, "They just forget to record it, put it that way. In other words, I got a piece of paper that wasn't worth the * * *," and the piece of paper was a marriage certificate, "* * * with both of our names, our signatures, and the so-called judge they called him down there," that the marriage was never recorded in Mexico; and that the marriage certificate was missing and could not be produced. He stated they immediately returned to Los Angeles where they *689 lived as husband and wife until Flora's death (September 12, 1961), and that they had not entered into any other ceremony of marriage. He stated, and this is supported by other witnesses, that Frank Bonner (defendant in error) lived with him and Flora for a considerable time.
Phillip admitted he had previously entered into a marriage (date not disclosed) with Marie V. Mauk and had lived with Marie until 1945 or 1946, that the sheriff had served him with papers in her divorce action against him in Los Angeles, and she had secured an uncontested divorce in 1947, and that Marie was still living.
Phillip's other witnesses collectively testified Phillip and Flora lived together as husband and wife until her death and that she went by the name of Flora Lopez. No other witness testified as to the circumstances of the Mexican marriage. The couple, who were present at the Mexican marriage, and Marie V. Mauk (former wife of Phillip) were not produced as witnesses.
The evidence of Frank Bonner consisted in part of his deposition. The pertinent portion thereof, in our opinion, was that during an argument Flora would state to Phillip "You know you don't have to come back because you are not married.;" that Flora worked and was never employed under the name of "Flora Lopez;" and when asked if Flora ever did go by the name of "Flora Lopez," answered "No" and "No, not that I know of." It was shown that Social Security Benefits were paid to the estate of Flora in the name of "Flora B. Sanders," that being her name prior to the asserted marriage to Phillip.
There was also introduced in evidence the Final Judgment of Divorce, rendered in the Superior Court of Los Angeles County, in the case of Marie V. Lopez vs. Phillip A. Lopez, dated January 10, 1951, and reciting the interlocutory judgment therein was entered December 28, 1949.
Phillip urges that the determination of an issue of fact in an action must be founded on the evidence in the case and that the judgment of the lower court was based on surmise, supposition and conjecture, and was void.
This proposition of error presents the question of the sufficiency of the record evidence and the reasonable inferences to be drawn therefrom, including consideration of applicable presumptions, to support the trial court's findings that the Mexican marriage was fictitious and fraudulent and, if it did occur, was bigamous and void. It is obvious the trial court considered all of the evidence in making the findings.
At the trial Phillip's attorney stated he was relying upon a valid marriage, "* * * a valid marriage, under the law of California," and not a California putative marriage. The briefs of Phillip are in accord with this position. Phillip cites, with other cases, In re Crawford's Estate, 69 Cal. App.2d 609, 160 P.2d 65; In re Chandler's Estate, 113 Cal. App. 630, 299 P. 110; and Krizman v. Industrial Accident Commission, 14 Cal. App.2d 419, 58 P.2d 405, to support his contention that under California law the marriage ceremony in Tijuana, together with their subsequent cohabitation in California as married persons and recognition in the community as such, constituted a legal marriage. The cases cited, supra, do not contain the circumstance of a prior undissolved marriage, and consequently do not completely settle the effect of a prior marriage by one of the parties and particularly the proof and burden of proof relative to the prior marriage in order to establish the invalidity of the later marriage. The decisive proposition, even if we accept Phillip's contention that his marriage to Flora was otherwise legal, is whether Phillip had a living wife when he married Flora.
In Ex parte Cook, 42 Cal. App.2d 1, 108 P.2d 46, and Parmann v. Parmann, 56 Cal. App.2d 67, 132 P.2d 851, it was held that a purported marriage by one having a living husband or wife is null and void, and the invalidity may be shown at any time.
*690 Phillip relies on the cases of Crawford's Estate, Chandler's Estate, and Krizman, supra, for the proposition that there is a strong presumption of a legal marriage to Flora. He also relies on the holding in Briggs v. United States, 90 F. Supp. 135, 116 Ct.Cl. 638, and the California cases cited therein, that the second marriage is presumptively valid and the burden is on the person asserting its invalidity to show such invalidity, and that, as between the party securing the divorce and a third person, the divorce does not establish the validity of the previous marriage.
It is the law in California that when a party has contracted two successive marriages, a presumption arises in favor of the validity of the second marriage, and the burden is upon the party attacking the validity of the second marriage to establish the existence of the first marriage, and that such marriage has not been dissolved by death, divorce or annulment at the time of the second marriage. In re Smith's Estate, 33 Cal.2d 279, 201 P.2d 539, and Hamrick v. Hamrick, 119 Cal. App.2d 839, 260 P.2d 188.
This presumption is not conclusive. It casts upon the opposing party the burden of overcoming it. The extent of this burden is set forth in In re Smith's Estate, supra, (201 P.2d 540), as follows: "That burden is sustained if the evidence, in the light of all reasonable inferences therefrom, shows that the first marriage was not dissolved or annulled."
See Tatum v. Tatum, 241 F.2d 401 (9th Cir.1957), for discussion of the above principles.
In the present case it was proved that as to Phillips and his former wife, Marie V. Lopez, an uncontested interlocutory divorce was granted to Marie on December 28, 1949, and that the final judgment of divorce was granted her on January 10, 1951. Both of these dates were subsequent to Phillip's asserted marriage to Flora. Phillip admitted that he had entered into a marriage with Marie V. Mauk prior to any marriage to Flora, that he lived with Marie and she called herself Marie V. Lopez, that he was served with papers in the divorce action, and that Marie was still living.
Under this evidence and the reasonable inferences to be drawn therefrom the trial court could properly find that Phillip was legally married to Marie at the time of his marriage to Flora, and conclude the marriage to Flora was void.
The finding of the trial court that Phillip was not the legal husband of Flora was not against the clear weight of the evidence.
For the reasons stated the judgment of the lower court is affirmed.
All the Justices concur.