JOHN G. HENDRICKS *v.* ROBINSON & STEVENS.

1. SALE. *Goods sold upon credit of one person, but delivered to another. Latter not liable.*

Where goods are sold entirely upon the credit of D., to whom also they are charged, but are delivered to H., there is no original liability on the part of the latter to pay for them; and the fact that the creditor has been defeated in an action upon the account therefor against D., affords no reason for him to recover in an action upon the same account against H.

2. STATUTE OF FRAUDS. *Promise to pay debt of another. For goods used by promisor.*

Where goods are sold entirely upon the credit of one person, but for the benefit of another, who receives and uses them, the latter does not make himself liable to pay for them by acknowledging the correctness of the account and promising verbally to pay it, in the absence of any arrangement, based upon a sufficient consideration, by which such promisor is substituted for the original debtor, and such debtor is discharged.

3. SAME. *Promise to pay debt of another. By beneficiary or by procurer of the contract.*

A promise to pay the debt of another creates no liability if the primary debtor continues liable, unless such assumption be in writing; and whether it be made by the beneficiary or by the procurer of the contract is immaterial.

4. SAME. *Promise to pay debt of another. Based upon moral obligation.*

The fact that a lot of goods were bought for, and used by, a certain person does not afford such a moral obligation as will support his parol promise to pay for them, where he is under no legal obligation to pay for the same, and no arrangement is made for discharging the primary debtor.

5. STATUTE OF LIMITATIONS. *Open accounts. Custom of merchants. Instruction.*

In an action by a merchant, upon an open account, for goods sold and delivered in the city of Jackson, the court instructed the jury, for the plaintiff, that if, by the custom of the merchants of Jackson, including the plaintiff, open accounts become due on the 1st of January succeeding the year in which the goods are sold, and there was no understanding between plaintiff and defendant to the contrary, then the Statute of Limitations would not bar the account sued upon until three years from the 1st of January succeeding the year in which the goods were sold. *Held*, that the instruction is correct.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

The nature of the action and the effect of the evidence are sufficiently stated in the opinion of the court. Two instructions given for the plaintiffs below, and excepted to by the defendant, who is the plaintiff in error here, were as follows: —

" 1. If the jury believe from the evidence that it was the custom of the merchants of Jackson, and of the plaintiffs, that accounts were to become due and payable on the first day of January of the year succeeding that in which the goods were sold, and that there was no understanding between plaintiffs and defendant to the contrary thereof as to the account sued upon, then said custom controls, and the goods sold and deliv-

ered by plaintiffs to defendant in the year 1873 became due and payable on the first day of January, 1874, and the Statute of Limitations would not bar the account sued on until the 1st day of January, 1877."

" 4. If the jury believe from the evidence that the defendant, on being presented with the account sued on, or an exact copy as to dates, items, and amounts, within one year before the institution of this suit, admitted said account to be correct and unpaid, and promised to pay the same ; and if they further believe from the evidence that though plaintiffs, in the first instance, gave credit to Dulaney for the goods charged in the account sued upon, yet the goods were for the use and benefit of the defendant, and were actually used by him, they will find for the plaintiffs."

*Jenkins & Little*, for the plaintiff in error.

1. The first instruction given for the plaintiffs below was erroneous, because (1) it did not require that the custom therein mentioned should have been known to the defendant in order to bind him ; and (2) it did not require the evidence of more than one witness to establish such custom. *Shackleford* v. *New Orleans, Jackson & Great Northern R. Co.*, 8 Geo. 207 ; 2 Greenl. on Ev., sects. 251, 252, and note 2 ; *Bissell* v. *Ryan*, 23 Ill. 566, 571.

2. The fourth instruction for the plaintiffs below was erroneous. Dulaney was the sole debtor of the plaintiffs, and they could not make Hendricks liable upon his verbal promise to pay the debt, without having discharged their claim against Dulaney. Such promise was void under the Statute of Frauds, because not in writing. *Bloom* v. *McGrath & Compton*, 53 Miss. 249 ; *Sweatman* v. *Parker*, 49 Miss. 19, 28.

*T. J. & F. A. R. Wharton*, for the defendants in error.

1. The first instruction given for the defendants in error, in the trial below, is correct. *Planters' Bank* v. *Markham*, 5 How. 405 ; *Jones* v. *Fait*, 4 Mass. 251 ; 1 Pet. 33 ; *Mills* v. *Bank of United States*, 11 Wheat. 431 ; *Effinger* v. *Henderson*, 33 Miss. 449.

2. The objection to the fourth instruction given for the plaintiffs below is based upon the false theory that because the goods were sold upon the credit of Dulaney, he alone was liable for the debt. Dulaney's undertaking was that of a surety, while Hendricks was the party primarily bound. The point made for the plaintiff in error, that his promise to pay the account is void under the Statute of Frauds, because not in writing, is untenable.

If the theory of opposing counsel should prevail, the result will be that Dulaney is not liable, because his undertaking was not in writing, and the plaintiff in error, who enjoyed the sole benefit of the goods, is not liable, because the credit was given to Dulaney; and thus the defendants in error lose their goods, nobody being liable to pay for them. The debt is unpaid. Dulaney has been discharged by the judgment of a court of competent jurisdiction, and that judgment is still in force. It must be that the plaintiff in error is liable for the debt.

CHALMERS, J., delivered the opinion of the court.

Robinson & Stevens sold goods, during the year, which were delivered to Hendricks, but which were charged to one Dulaney, who verbally became responsible for them before sale, and upon whose credit the account was opened. They instituted suit for the recovery of their value against Dulaney, but were defeated, upon the ground that he was a mere surety or guarantor, and his undertaking, being verbal, was void. They now bring this action against Hendricks, the party for whose benefit the account was opened, and who received and used the goods. It is evident that he is in no manner affected by the result of the litigation between plaintiffs and Dulaney, and his rights are to be determined without regard to that suit. The only questions to be considered are, whether he was originally bound for the goods, or has subsequently become so by any act or promise of his own. John W. Robinson, the senior member of the firm of Robinson & Stevens, testified that " the goods were sold to Hendricks upon the

sole credit of Dulaney, and were charged to Dulaney on the books of the firm ; that at the trial of the said case of plaintiffs against Dulaney on said account, in the Circuit Court of Madison County, witness was also a witness for plaintiffs in that case, and, as such, there and then testified that he never regarded Hendricks as liable on said account, and that Hendricks was not so held liable for the payment of the same, but that plaintiffs gave credit solely to Dulaney, and looked alone to him for payment.''

It seems needless to remark that, under these circumstances, there was no original indebtedness from Hendricks to plaintiffs. It was just as if a man of wealth, meeting a beggar in the street, should step with him into a shop-keeper's and present him with a suit of clothes, which, by directions, are charged to the donor. There would, in such case, be no debt due the merchant from the recipient of the charity. The testimony of plaintiffs makes out a clear case of liability upon the part of Dulaney, but however much they may have been wronged in their litigation with him, they cannot urge the result of that suit as a reason why they should be allowed to recover in this. But, before the institution of this suit, the account was presented to Hendricks, who acknowledged its correctness and promised to pay it. Does this make him liable? It was so ruled by the learned judge below, but we are unable to see upon what sound principle. If it was wholly and solely the debt of Dulaney, as plaintiffs testify that it was, Hendricks could not bind himself by parol to pay it, except through an arrangement by which, on a sufficient consideration, he became substituted for Dulaney, and the latter was discharged ; and there is no pretence of any such arrangement having been made. The legal question involved in this class of cases has usually arisen in suits where some person other than he who received the goods denied liability for them, nor have we found a case where the defence was so made by him who received and used them ; but we cannot see that this affects the principle.

The parol promise of the beneficiary to pay the debt of him who, by his credit, has procured the goods, is as invalid as a like promise by the surety where the primary obligation rests upon the beneficiary.  The object and intent of the statute is to deny the imposition of a liability, by parol, upon two persons to pay the debt of one.  Whenever, therefore, there is a primary liability upon one, there can be no secondary liability fastened upon the other, save by writing; and it is wholly immaterial whether the person sought to be charged is he who got the benefit of the contract, or he who procured it to be made for the benefit of another.

Neither can the validity of Hendricks's parol promise to pay for the goods be sustained upon the idea that, having used them, there rested upon him such moral obligation to pay for them as will support his contract.  Whatever may have been the earlier ideas on this subject, it is now well settled that a purely moral obligation will not ordinarily support an executory contract.  There must be a legal obligation, which is either enforceable, or which only fails to be so because of the existence of some exceptional circumstances which operate to suspend enforcement.  The doctrine is thus stated in 3 Bos. & Pul. 249 : " An express promise can only revive a precedent good consideration which might have been enforced at law through the medium of an implied promise had it not been suspended by some positive rule of law, but it can give no original right of action if the obligation on which it was founded never could have been enforced at law, though not barred by any legal maxim or statute provision."  To this effect are all the well-considered modern cases, both in England and America.   Pars. on Con. (5th ed.) 432 *et seq.*, and cases cited in notes ; *Porterfield* v. *Butler*, 47 Miss. 165.

The case of *Franklin* v. *Bentley*, 27 Miss. 350, which held that the invalid contract of a married woman would impose such moral obligation as would support a subsequent valid promise to pay, is virtually overruled by the later case of *Porterfield* v. *Butler*, *supra*.  The first case was rested upon the

case of *Lee* v. *Muggeridge*, 5 Taun. 36, which has been repeatedly repudiated both in England and America. 1 Pars. on Con., *supra*.

There being no legal obligation upon defendant in the case at bar to pay for the goods, the fact that they had been bought for and used by him does not afford such moral obligation as will support his parol promise to pay for them.

The instructions of the court below were not in accordance with the views announced, and were erroneous. The instruction with reference to the Statute of Limitations was correct.

Judgment reversed and cause remanded.