[L. A. No. 374.   In Bank.—August 5, 1897.]

## MARY A. LIVINGSTON, PETITIONER, *v.* SUPERIOR COURT OF LOS ANGELES COUNTY, RESPONDENT.

ACTION BY HUSBAND TO COMPEL SUPPORT FROM WIFE—EQUITABLE JURISDICTION OF SUPERIOR COURT.—In the case provided for in section 176 of the Civil Code, when the husband has no separate property, and there is no community property, and he is unable from infirmity to support himself, and has not deserted the wife, the superior court has equitable jurisdiction to enforce the obligation of the wife to support the husband out of her separate property, though no divorce is sought by him.

ID.—GROUNDS OF EQUITABLE JURISDICTION—INADEQUATE LEGAL REMEDY—POWER OF EQUITY TO DECREE ALIMONY WITHOUT DIVORCE.—The jurisdiction of a court of equity over such an action by the husband, is in accord with the general principle that where rights exist, and there is no adequate legal remedy, equity will take jurisdiction, and also rests upon the same ground of obligation for support, which is the basis of the jurisdiction of equity to decree alimony to a wife, though no divorce is sought from the husband.

ID.—POWER OF COURT TO PUNISH FOR CONTEMPT—TRANSFER OF PROPERTY IN VIOLATION OF INJUNCTION—ORDER FOR ALIMONY—FINDING AS TO PECUNIARY ABILITY—CERTIORARI.—Where the wife transferred all of her property to her daughter, in violation of an injunction restraining any transfer, and refused to pay alimony ordered by the court to be paid to the husband, the superior court has jurisdiction to punish her for contempt, and, although upon the hearing she presented an affidavit stating her pecuniary inability to pay the alimony, the finding of the court against her as to her pecuniary ability cannot be reviewed upon *certiorari*, upon which the attack is made solely upon the power of the court to make the order punishing her for contempt.

CERTIORARI in the Supreme Court to review an order of the Superior Court of Los Angeles County, imprisoning the petitioner for contempt.   M. T. ALLEN, Judge.

The facts are stated in the opinion of the court.

*J. H. Johnson*, and *Edward W. Forgy*, for Petitioner.

TEMPLE, J.—It is sought in this proceeding to have reviewed and declared void an order made by the above court adjudging that the petitioner was guilty of a contempt and ordering her to be punished therefor.

The contempt order was made in a proceeding instituted by the husband of the petitioner, under section 176 of the Civil Code, to compel her to support him out of her separate property. He obtained an order requiring her to pay for his support twenty-four dollars per month. An injunction was issued enjoining her from conveying her property so as to defeat any judgment he might obtain against her. In violation of this injunction petitioner conveyed all her property to her daughter on the day the decree was made.

At the hearing in the superior court petitioner presented her affidavit showing that she had no means from which to make the payment. Upon this question the court found against her, and with that issue we have no concern in this proceeding. The attack made here is solely upon the power of the superior court to make such an order on any state of facts.

This contention seems to be based upon the fact that in section 137 of the Civil Code provision is made for compelling the husband to support the wife, and it is provided that the final judgment in such case may be enforced by the court "by such order or orders as in its discretion it may from time to time deem necessary." This, it is said, authorizes such procedure when the wife is suing her husband for separate maintenance, but the statute does not authorize such orders when the husband sues the wife for his support.

In *Galland* v. *Galland*, 38 Cal. 265, this court said: "It is within the general powers of courts of equity independent of the statute to decree alimony to the wife without divorce." The question has been variously decided in the United States, and it is said that in England courts of equity do not give such relief except as an incident in an action seeking some other redress. It is said in 2 Story's Equity Jurisprudence, section 1422, that to the question whether courts of equity have general authority to decree alimony to the wife when she is left without other means of maintenance, "it can scarcely be said that according to the

results of the authorities an answer in the affirmative can be given in positive terms." This jurist further says, however (section 1423), that a broader jurisdiction over the matter has been asserted by some of our courts of equity, and it has been held that "a court of equity may in all cases decree her a suitable maintenance and support out of his estate upon the very ground that there is no adequate and sufficient remedy at law in such a case. And there is so much good sense and reason in this doctrine that it might be wished that it were generally adopted." The question has been much discussed and in many cases is very fully and elaborately considered. Among these cases, *Garland* v. *Garland,* 56 Miss. 694, contains an able review of the English cases and shows that even there some cases support the jurisdiction. *Prather* v. *Prather,* 4 Desaus. 33, contains another thorough discussion of the question, and upon principle and authority the jurisdiction of courts of equity to decree alimony is maintained. A later case in which the same doctrine is held is *Milliron* v. *Milliron* (S. D. Aug. 5, 1896), 68 N. W. Rep. 286.

Such being the state of the authorities, there is no reason why we should not adhere to the doctrine announced in *Galland* v. *Galland, supra.* It is in accord with the general principle that where a right exists and there is no adequate legal remedy, equity will take jurisdiction.

If, independently of any statute, courts of equity had jurisdiction to decree alimony to a wife, although no divorce was sought, it would necessarily follow that they have jurisdiction when the husband applies for support from the wife. In each case the right comes from the same source—the obligations assumed by the marriage as expressed in section 155 of the Civil Code: "Husband and wife contract toward each other obligations of mutual respect, fidelity, and support." Primarily the husband is the bread winner and assumes the responsibility for the support of the family, and he be-

comes the owner of the marital accumulations. But in the exceptional case provided for in section 176 of the Civil Code the burden of maintenance shifts to the wife. It is an obligation of the same kind, however, as that which ordinarily rests upon the husband, and the legal remedy—if it can be said that there is any—is as inadequate in the one case as in the other.

· It has been held that the obligation to pay alimony is not a debt within the provisions of the constitution against imprisonment for debt. (*Ex parte Perkins*, 18 Cal. 60; *Sharon* v. *Sharon*, 67 Cal. 185.) The power of the court to enforce payment of an allowance by proceedings in contempt cannot be doubted, and in *Smith* v. *Smith*, 113 Cal. 268, this court sustained the authority of the superior court to change a final decree for permanent maintenance of the wife after it had been entered, and then to enforce it by the process of contempt. But I think the order complained of cannot be considered an order changing or modifying the final decree. The petitioner was already in contempt for disobeying the lawful order of the court, and the subsequent proceedings were simply to ascertain if her failure to obey was contumacious.

The obligation to pay not being a debt, I see no inability on the part of the court to provide a remedy which shall be adequate. It is said the remedy of the husband must be by an ordinary action. Counsel have not pointed out by what ordinary action the obligation could be enforced, and I know of none. In what action, at law, could the court ascertain and determine what monthly allowance should be made for the future support of the husband, and enter a judgment awarding an execution each month for the amount?

If such a thing could be done the remedy would not be adequate. A defendant who, in defiance of the injunction of the court, transferred her property to put it beyond the reach of an execution, would easily so delay the collection as to render the relief of no avail. An action by the administrator of the husband for damages

for permitting him to starve, in violation of her duty, is not a support for the husband.

The order is affirmed.

HENSHAW, J., VAN FLEET, J., and BEATTY, C. J., concurred.

Rehearing denied.