## LIVINGSTON v. CONANT.

### L. A. No. 400; January 10, 1898.

#### 51 Pac. 859.

**Support of Husband—Liability of Wife.**—Under Civil Code, section 155, providing that husband and wife contract toward each other mutual obligations of support, and section 176, providing that the wife must support the husband when he is unable to do so from infirmity, the wife may be required to contribute to the support of her infirm husband out of her separate estate.[1]

**Trial.—A Finding of a Fact Clearly Without the Issue,** and not required to support the judgment, is harmless error.

APPEAL from Superior Court, Los Angeles County; M. T. Allen, Judge.

Action by Samuel W. Livingston against Frederick Conant, administrator, etc., substituted for Mary A. Livingston, deceased. From a judgment for the plaintiff, defendant appeals. Affirmed.

I. H. Johnson for appellant; G. A. Gibbs for respondent.

PER CURIAM.—The principal objection urged by appellant, that section 176 of the Civil Code does not contemplate or warrant the character of relief sought in the action and awarded by the judgment below, was, after very mature consideration, decided adversely to appellant's contention in Livingston v. Superior Court, 117 Cal. 633, 38 L. R. A. 175, 49 Pac. 836—an original proceeding, resting primarily upon the judgment here involved, decided since this appeal was taken. The question is, therefore, no longer an open one.

The other points demand no extended consideration. The complaint sufficiently stated a cause of action, and the motion for a nonsuit was properly denied, since there was evidence sufficient to sustain each of the findings upon which the judgment rests. The finding that defendant had deserted plaintiff is, as contended, clearly without the issues; but this finding may be disregarded, the judgment in no respect requiring such fact for its support. The error is therefore an immaterial one. The judgment and order are affirmed.

---

[1] Cited in the note in 38 L. R. A., N. S., 958, 966, on alimony or maintenance independently of divorce.