[Civ. No. 9924. First Appellate District, Division Two.—May 15, 1936.]

LOUIS VENTURI, Appellant, v. ZURICH GENERAL ACCIDENT AND LIABILITY COMPANY, LTD., of Zurich, Switzerland, Respondent.

Long & Levit and Alfred E. Frazier for Appellant.

J. Hampton Hoge and A. Dal. Thomson for Respondent.

NOURSE, P. J.—The plaintiff appeals from a judgment for defendant following an order sustaining a motion that no evidence be received upon the ground that the complaint

failed to state a cause of action. Such a motion is in the nature of a general demurrer to the complaint and, for that reason, we disregard all the extraneous matter inserted in the briefs of both parties.

The action is one for damages for a breach of a contract of liability insurance. The plaintiff was the owner of an automobile upon which he placed the ordinary liability insurance under which the defendant contracted ''To Indemnify the Assured against loss from the liability imposed by law upon the Assured for damages.'' The plaintiff was engaged in the business of a butcher from which he had an income of about $300 a month. Four judgments were obtained against him for damages resulting from a collision with the automobile covered by defendant's policy, all of which were within the life of and subject to the terms of the policy. The insurer had defended these actions in accordance with the terms of the policy, but, when judgments were entered against the insured, the company refused to pay them, to appeal, or to furnish *supersedeas* bonds, and the judgment creditors levied execution upon plaintiff's business forcing him into bankruptcy. For the loss of his property through forced sale and for the loss of his business and the injury to his credit, the plaintiff claims damages resulting directly from defendant's breach of its contract.

The cause of action rests on section 3300 of the Civil Code which declares that the measure of damages for the breach of an obligation arising from a contract is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby. Plaintiff's cause of action is not controlled by section 3302 of the code, as that section applies to contracts to pay money only to parties to the contract. Here the insurer contracted not only to reimburse the plaintiff for money actually paid out by the latter, but to protect and hold him harmless against loss arising out of his legal liability as owner of the automobile. This includes so many factors aside from the direct payment of money that a breach cannot be compensated by the payment of the amount due with interest.

The complaint plainly alleges the sequence of events resulting in plaintiff's bankruptcy and loss due to the breach of these several obligations, and comes under the rule of *Miholevich* v. *Mid-West Mut. Auto Ins. Co.*, 261 Mich. 495 [246

N. W. 202, 86 A. L. R. 633]. In that case the assured suffered a civil arrest and imprisonment because of a judgment in damages arising out of an automobile collision which the insurer had refused to satisfy. It was held that he was entitled to damages notwithstanding the subsequent payment of the judgment by the insurer, and that his cause of action was not limited to one for the payment of money and interest as in section 3302 of our code. In accord with the principles followed in that case are 8 R. C. L. p. 451; 3 Williston on Contracts, pp. 2502, 2503; *Roth* v. *General Cas. & Surety Co.,* 106 N. J. L. 516 [146 Atl. 202]; 8 Cal. Jur. 762, 763; *Overstreet* v. *Merritt,* 186 Cal. 494, 503 [200 Pac. 11]; *Hunt* v. *United Bank & Trust Co.,* 210 Cal. 108, 116 [291 Pac. 184].

The respondent argues further that the action is barred by the lapse of time and cites provisions of the policy purporting to regulate the bringing of actions under it. None of these was pleaded in bar of the action, and, for that reason, none is available at this time. But the action was commenced within two years of the first judgment against this plaintiff, and, being an action based on the first agreement found in the policy, it was commenced within the time specified in the policy.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 13, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 13, 1936.