[Civ. No. 3376.   Fourth Dist.   July 19, 1945.]

RITCHIE CALHOUN, Appellant, v. SAMUEL WILSON CALHOUN, Respondent.

234

Clarence Harden and Henry F. Walker for Appellant.

Monroe & McInnis for Respondent.

MARKS, J.—This is an appeal from a judgment which divided the community property of the parties, but failed to require defendant to contribute anything to the support of plaintiff. Plaintiff raises no question as to the division of the community property but argues that the trial court erred in refusing to require defendant to contribute to her support.

The parties were married in Oakland, California, on May 24, 1923, and lived together as husband and wife until November, 1939, when they separated. On January 3, 1941, Mr. Calhoun brought an action for divorce in the Superior Court of San Diego County alleging wilful desertion by Mrs. Calhoun. She appeared and successfully contested that action. The trial court found that Calhoun had deserted and abandoned Mrs. Calhoun without cause or excuse and against her will and without her consent. The decree denying the divorce was entered on November 13, 1941.

In February, 1943, probably about the 6th, Calhoun left California and went to Nevada. He filed an action for divorce there about March 21, 1943. Mrs. Calhoun was served with the summons and complaint in California. She did not appear in the action and Calhoun was granted a decree of divorce on April 27, 1943.

The divorce was granted under the provisions of section

9467.06, Nevada Statutes, which provides in effect that where a husband and wife had lived separate and apart for three consecutive years without cohabitation the court may grant an absolute decree of divorce in the suit of either party. This was an amendment of a prior statute which required five consecutive years of separation without cohabitation. (Nevada Stats. 1931, p. 180, ch. 111, § 1.)

The complaint in the instant action attacked the validity of the Nevada divorce on the ground of fraud on the part of Calhoun in (1) leaving the State of California and going to Nevada for the sole purpose of obtaining a divorce, and, (2) in failing to disclose to the Nevada court that the California decree had denied him a divorce on the ground that the separation of the parties was caused by the sole fault of the husband. In this connection it is argued in effect that the three years of separation without cohabitation required by the Nevada statute started to run on March 21, 1940; that the California decree denying Calhoun a divorce was rendered November 13, 1941, so that three years following that date had not elapsed between that date and the filing of the Nevada action about March 21, 1943, which should defeat Calhoun's action in Nevada.

The first contention is fully answered by the evidence introduced in the instant case and the findings of the trial court. Calhoun moved to Nevada about February 6, 1943, established a residence there and has continued to reside there ever since. He became a registered voter of Nevada, remarried there and has had no other home. He came to California temporarily to attend to business affairs in the city of Coronado and was served with summons and complaint in the instant action while on that trip. The trial court found that he had established a bona fide residence in Nevada and had become a resident and citizen of that state. Upon the evidence no other conclusion could have been reached.

The second argument is answered in the case of *Herrick* v. *Herrick*, 55 Nev. 59 [25 P.2d 378], where three decrees or orders of California courts were pleaded by the wife as a bar to the husband's action for divorce filed in Nevada. The Supreme Court of Nevada said:

"The statute is very plain. It does not in terms require that a party should be without fault, and we do not think that such limitation may be inferred from it. . . .

"The idea of a divorce on the ground stated is an idea of recent origin. The legislative concept embodied in the statute is that when the conduct of parties in living apart over a long lapse of time without cohabitation has made it probable that they cannot live together in happiness, the best interest of the parties and of the state will be promoted by a divorce. . . .

"We are satisfied that the fault of one or both of the parties which may have caused the separation is merely a circumstance for the trial court to consider in the exercise of its discretion. It is unnecessary for us to determine if in any of the California decrees the husband is adjudged to have been to blame in causing the separation, and therefore estopped to maintain the suit for divorce as contended by appellant. This contention is disposed of by our ruling that it is not an essential element of the statute that a party be without fault to maintain an action for divorce on the ground of separation for five years without cohabitation.

"Appellant's contention that the decree of divorce in this case impairs the obligation of contract evidenced by the California decree of separate maintenance is devoid of merit. The dissolution of the marriage relation extinguishes the subject-matter which forms the basis of an action or proceeding for separate maintenance. *Bushnell* v. *Cooper,* 289 Ill. 260, 124 N.E. 521, 6 A.L.R. 1517; 30 C.J. 1075." (See, also, *Jeffers* v. *Jeffers,* 55 Nev. 201 [29 P.2d 351] ; *George* v. *George,* 56 Nev. 12 [41 P.2d 1059, 97 A.L.R. 983].)

It is admitted that we must give full faith and credit to the divorce decree of a sister state obtained in accordance with the laws and practice of that state and obtained without fraud if the prevailing party was a bona fide citizen of the sister state and the resident of this state had been served with process or had appeared in the action in the other state. (*Williams* v. *North Carolina,* 317 U.S. 287 [63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273].) ██ It is argued that giving full faith and credit to the Nevada divorce decree does not prohibit the California courts from awarding Mrs. Calhoun support money as the Nevada court only granted a divorce and did not attempt to pass on the question of the support of the wife; that the California courts may give a wife support independent of statute, under their powers in equity, citing *Galland* v. *Galland,* 38 Cal. 265; *Murray* v. *Murray,* 115 Cal. 266, 270 [47 P. 37, 56 Am.St.Rep. 97, 37 L.R.A. 626];

*Livingston* v. *Superior Court,* 117 Cal. 633 [49 P. 836, 38 L.R.A. 175].

The answer to this argument lies in the fact that the power to award support grows out of the marital relation. As said in *Howell* v. *Howell,* 104 Cal. 45 [37 P. 770, 43 Am.St.Rep. 70] : "After the judgment granting the divorce the plaintiff was no longer the wife of the defendant; and he owed her no longer any marital duty. From that time she could enforce against him no obligation not imposed by the court at the time of the judgment." (See *Hite* v. *Hite,* 124 Cal. 389 [67 P. 227, 71 Am.St.Rep. 82, 45 L.R.A. 793] ; *Bancroft* v. *Bancroft,* 9 Cal.App.2d 464 [50 P.2d 465].) As Mrs. Calhoun was not the wife of defendant at the time she instituted this action against him we can find no error in the trial court's refusal to require him to support her.

We believe the case of *Cardinale* v. *Cardinale,* 8 Cal.2d 762 [68 P.2d 351], is decisive of the questions presented here. Sabina Cardinale and Mario Cardinale were married in San Francisco in 1910 and lived together until July, 1921, having one child. The plaintiff wife commenced an action for separate maintenance in the Superior Court of San Diego County. The defendant husband cross-complained asking a divorce on the grounds of desertion and extreme cruelty. After a trial the court denied the husband a divorce, gave the custody of the child to the mother and ordered the husband to pay $40 per month for the support of the child and a like amount for the support of the wife. The child died in December, 1924, and the husband discontinued the payments for its support but continued to pay support to the wife until some time in 1931.

The husband went to Nevada in the fall of 1931 and on December 9, 1931, procured a decree of divorce on the grounds of extreme cruelty and separation for more than five consecutive years without cohabitation. As stated by the Supreme Court:

"On June 18, 1932, in San Diego County, in the separate maintenance action, the wife, without notice to the husband, procured a judgment against him for $998, the alleged amount of arrears in monthly payments due her under the separate maintenance decree. In October, 1932, the husband moved the court to set aside this judgment for arrears and to modify the decree of separate maintenance and to decree that pay-

ments for the child terminated as of her death, and payments for the wife's support terminated as of the date of the Nevada divorce, December 9, 1931. . . .

"The trial court, having found no invalidity in the Nevada divorce decree, properly terminated the allowance to appellant of separate maintenance as of the date that decree was rendered. (1 Cal.Jur., p. 1038, sec. 88; 30 C.J. 1095.)''

The judgment is affirmed.

Barnard, P. J., concurred.

A petition for a rehearing was denied August 11, 1945, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1945. Carter, J., and Traynor, J., voted for a hearing.