[Civ. No. 17795. Second Dist., Div. Two. Dec. 1, 1950.]

ARCHIE CLARK HINSON, Appellant, v. HARRIETT A. HINSON, Respondent.

Cook & Johnson and M. O. Johnson for Appellant.

Gordon M. Emanuel for Respondent.

McCOMB, J.—Defendant appeals from that portion of a judgment in a divorce action granting attorney's fees in the sum of $500 and court costs in the amount of $15 to plaintiff.

### CHRONOLOGY

i. December 2, 1948, defendant herein obtained in the State of Nevada a decree of divorce from plaintiff herein.

ii. December 9, 1948, plaintiff instituted in the superior court of Los Angeles County the present action for divorce.

iii. February 1, 1949, defendant appeared and filed an answer in the present suit denying plaintiff's allegations of cruelty and affirmatively pleading as a bar to the present action the decree of divorce he had obtained in Nevada.

After trial in the instant case the trial court found that defendant had obtained, prior to the institution of the present action, a divorce from plaintiff in Nevada which was a valid existing judgment of divorce; that such judgment constituted a bar to the causes of action alleged by plaintiff in the instant case, and entered judgment in favor of defendant but which included a provision ordering defendant to pay $500 as attorney's fees and $15 costs.

 *Question: Was it error for the trial court to order defendant to pay plaintiff attorney's fees and costs in view of the fact that they were not husband and wife at the time the present action was instituted?*

This question must be answered in the affirmative. In an action for divorce the existence of a marriage between plaintiff and defendant is a jurisdictional prerequisite to the power of the court to order support, costs or counsel fees. The invalidity of the marriage being a jurisdictional prerequisite may be shown at any time. (*Colbert* v. *Colbert*, 28 Cal.2d 276, 279 et seq. [169 P.2d 633]; *Calhoun* v. *Calhoun*, 70 Cal. App.2d 233 [160 P.2d 923] (hearing denied by the Supreme Court).)

Mr. Justice McFarland, speaking for the Supreme Court of California, in *Howell* v. *Howell*, 104 Cal. 45 [37 P. 770, 43 Am.St.Rep. 70], at page 47 thus states the rule: "After the judgment granting the divorce the plaintiff was no longer the wife of the defendant; and he owed her no longer any marital duty. From that time she could enforce against him no

obligation not imposed by the court at the time of the judgment."

*Baldwin* v. *Baldwin*, 28 Cal.2d 406, 416 [170 P.2d 670], relied on by plaintiff, is not here in point for the reason that it is factually different from the situation here involved. In the Baldwin case the plaintiff was the wife of defendant at the time she instituted her action on October 27, 1939. Thereafter on December 16, 1939, a valid judgment of divorce was entered in favor of the husband in Nevada. Our Supreme Court merely held in such case that since plaintiff and defendant were husband and wife at the time the suit for divorce was instituted in California the court had jurisdiction to award the plaintiff attorney's fees and costs. Such are not the facts in the present case. ■ Here plaintiff was not the wife of defendant when she instituted the action at bar, defendant having obtained a valid decree of divorce from her in the State of Nevada which had become final. Hence under the rule stated above the trial court was without jurisdiction to grant plaintiff either attorney's fees or costs.

At the time of the oral argument plaintiff's attorney stressed the point that a judgment in favor of defendant in a prior divorce action (No. D359042) had not been entered until after the present action had been instituted. Such fact is immaterial so far as the question now before us is concerned.

The portions of the judgment appealed from are reversed with directions to the trial court to enter judgment in favor of defendant. Appeals from the other orders are dismissed.

Moore, P. J., and Wilson, J., concurred.