In re Muriel Nash REAVES, fka
Muriel Adams Reaves,
Debtor.

William Little, Appellant,

v.

Muriel Nash Reaves, Appellee.

No. 00–57110.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Filed April 8, 2002.

---

* The panel unanimously finds this case appropriate for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2)(C).

William Little, Los Angeles, CA, appellant pro se.

Steven L. Bryson, Los Angeles, CA, for the debtor-appellee.

Before: BEEZER, TASHIMA, and GRABER, Circuit Judges.

TASHIMA, Circuit Judge.

Seeking to enforce a secured debt, Appellant William Little levied execution against Appellee Muriel Reaves' vehicle, prompting Reaves to invoke California's regular exemption statutes to protect her asset. After the state court denied the exemptions, Reaves petitioned for Chapter 7 bankruptcy, claiming the special exemptions for her vehicle available to debtors in bankruptcy proceedings. In connection with her petition, Reaves filed a motion to avoid the judicial lien against her vehicle, which was granted by the bankruptcy court. Little appealed to Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"), which upheld the bankruptcy court's order, concluding that Reaves' claim of special exemptions was not precluded by her pre-bankruptcy exemption filing. *Little v. Reaves (In re Reaves)*, 256 B.R. 306 (B.A.P. 9th Cir.2000). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

## I. BACKGROUND

On October 1, 1999, Little levied execution against Reaves' 1987 Mercedes automobile in order to enforce a judgment debt in the amount of $10,744.10. The vehicle was placed in the custody of the Los Angeles County Sheriff's Department and a Sheriff's sale of the vehicle was noticed for November 11, 1999. On October 12, 1999, Reaves filed regular, *i.e.*, non-bankruptcy, claims of exemption in the Los Angeles County Municipal Court under California Code of Civil Procedure §§ 704.010 and 704.060.[1] A hearing on Reaves' claims was held on October 22, 1999, which Reaves failed to attend. Consequently, her claims for exemption were denied.

The Sheriff's sale of Reaves' vehicle was rescheduled for November 12, 1999. On that day, Reaves filed a Chapter 7 bankruptcy petition and served it on the Sheriff, thereby halting the sale. In her petition, Reaves claimed an exemption for her vehicle under the special exemptions available for California debtors who have elected to file for bankruptcy relief. In particular, Reaves claimed a total exemption of $15,350 for her vehicle—$2400 under California Code of Civil Procedure § 703.140(b)(2) and $12,950 under California Code of Civil Procedure § 703.140(b)(5).[2]

---

1. Under § 704.010, "[a]ny combination of the following is exempt in the amount of one thousand nine hundred dollars ($1,900): (1) The aggregate equity in motor vehicles. (2) The proceeds of an execution sale of a motor vehicle." Cal.Civ.Proc.Code § 704.010(a). Under § 704.060, "one commercial motor vehicle" is "exempt to the extent that the aggregate equity therein does not exceed: (1) Five thousand dollars ($5,000), if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business, or profession by which the judgment debtor earns a livelihood." Cal.Civ.Proc.Code § 704.060(a).

2. The 1999 version of § 703.140(b), which applies in this case, provided as follows:

 The following exemptions may be elected as provided in subdivision (a):
 (1) The debtor's aggregate interest, not to exceed fifteen thousand dollars ($15,000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence....

Reaves then filed a Motion to Avoid Lien on Personal Property and Release Property to Debtor under 11 U.S.C. § 522(f).[3] In his response to the motion, Little argued that Reaves could not assert a claim for special exemptions in bankruptcy because she had already filed for the regular exemptions. The bankruptcy court rejected this argument. It voided Little's judicial lien and ordered return of the vehicle to Reaves. Little filed a timely notice of appeal.[4] The BAP affirmed the bankruptcy court, concluding that Reaves' pre-bankruptcy claims of exemption did not preclude her subsequent invocation of an exemption in bankruptcy. *In re Reaves*, 256 B.R. 306.

## II. STANDARD OF REVIEW

 Decisions of the BAP are reviewed *de novo*. *See Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 980 (9th Cir.2001). We independently review the bankruptcy court's rulings on appeal from the BAP. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir.2001). The bankruptcy court's conclusions of law are reviewed *de novo* and its factual findings for clear error. *See Am. Law Ctr. v. Stanley (In re Jastrem)*, 253 F.3d 438, 441 (9th Cir.2001).

## III. ANALYSIS

██ Little contends that Reaves' pursuit of regular exemptions for her motor vehicle prior to filing bankruptcy foreclosed her right to seek exemptions for the same property under the distinct statutory

framework enacted for debtors in bankruptcy. He argues in support of this contention that the statutory language of § 703.140 precludes Reaves from claiming the special bankruptcy exemptions after having filed regular exemption claims under § 704.010 and § 704.060.

Under § 522(b) of the Bankruptcy Code, a debtor may exempt from property of the estate the property set forth in § 522(d) or any property that is exempt under state law "that is applicable on the date of the filing of the petition." 11 U.S.C. § 522(b)(2)(A). States that opt out of the federal exemption system can limit debtors to the exemptions available under state law. *Id.* § 522(b)(1); *see Wolf v. Salven (In re Wolf)*, 248 B.R. 365, 367 (B.A.P. 9th Cir.2000). In 1984, California elected to take advantage of § 522(b)(1)'s opt-out provision by enacting its own state exemption statute. *See Talmadge v. Duck (In re Talmadge)*, 832 F.2d 1120, 1122–23 (9th Cir.1987).

"The California exemption statute allows a debtor in bankruptcy to elect between two sets of exemptions, one for debtors generally, another for debtors in bankruptcy." *Farrar v. McKown (In re McKown)*, 203 F.3d 1188, 1189 (9th Cir.2000). In particular, the statute provides:

(a) *In a case under Title 11 of the United States Code*, all of the exemptions provided by this chapter, including the homestead exemption, other than the provisions of subdivision (b) are applicable regardless of whether

---

(2) The debtor's interest, not to exceed two thousand four hundred dollars ($2,400) in value, in one motor vehicle.
. . . .
(5) The debtor's aggregate interest, not to exceed in value eight hundred dollars ($800) plus any unused amount of the exemption provided under paragraph (1), in any property.
Cal.Civ.Proc.Code § 703.140(b).

**3.** Section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(A) a judicial lien." 11 U.S.C. § 522(f)(1).

**4.** He also filed an ex parte application to stay release of Reaves' vehicle pending appeal, which was denied.

there is a money judgment against the debtor or whether a money judgment is being enforced by execution sale or any other procedure, *but the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter,* as follows:

. . . .

(3) If the petition is filed for an unmarried person, that person *may elect to utilize the applicable exemption provisions of this chapter other than subdivision (b), or to utilize the applicable exemptions set forth in subdivision (b), but not both.*

Cal.Civ.Proc.Code § 703.140 (emphasis added). Subdivision (b) of § 703.140, which is modeled on 11 U.S.C. § 522, provides debtors with eleven subsections under which they may claim exemptions.

Little contends that the explicit language of § 703.140 prohibits a debtor like Reaves from pursuing both the regular state exemptions under §§ 704.010 and 704.060, and the special bankruptcy exemptions designated in § 703.140. He points to the language of the statute that permits debtors to elect between the exemptions enumerated in § 703.140(b) *or* "the applicable exemption provisions of this chapter" (which include § 704.010 and § 704.060),[5] "*but not both.*" Cal.Civ.Proc. Code § 703.140(a)(3) (emphasis added). Little contends that allowing Reaves to file for § 703.140(b) exemptions after having been denied regular exemptions circumvents the clear intent of the statute.

■ In analyzing § 703.140, we are bound by California rules of statutory interpretation, which require that courts "give effect to statutes according to the usual, ordinary import of the language employed in framing them." *Goldman v. Salisbury (In re Goldman),* 70 F.3d 1028, 1029 (9th Cir.1995) (per curiam) (quotation marks and citation omitted). Applying this principle of construction, we reject Little's statutory construction argument. Section 703.140 makes clear that debtors are required to elect between subdivision (b) exemptions and the regular exemptions only "[i]n a case under Title 11 of the United States Code." Cal.Civ.Proc.Code § 703.140(a). The phrase "but not both" language which Little emphasizes, applies only to preclude the concurrent use of the exemptions *after* a debtor files a Chapter 7 petition. Thus, while the statute clearly requires an election of exemptions after bankruptcy proceedings are initiated, it contains no proscription against the consecutive use of exemptions—once in the event of levy prior to bankruptcy, and again after a bankruptcy petition has been filed. Indeed, the law is clear that "the nature and extent of a debtor's exemption rights are determined as of the date of the [bankruptcy] petition." *Harris v. Herman (In re Herman),* 120 B.R. 127, 130 (B.A.P. 9th Cir.1990). Therefore, Little's argument that the phrase "but not both" should operate to prevent the consecutive use of exemptions is simply not supported by the plain wording of § 703.140.

■ In addition, the policy implications of Little's argument are inconsistent with the purpose of the exemption statutes, which is to "sav[e] debtors and their families from want by reason of misfortune or improvidence." *Turner v. Marshack (In re Turner),* 186 B.R. 108, 113 (B.A.P. 9th Cir.1995) (internal quotation and citation omitted). As the BAP noted, Little's 5267 construction of § 703.140 would require judgment debtors "to elect between the

---

**5.** Both the regular and special exemption provisions fall under Chapter 4 (Exemptions), of Division 2 (Enforcement of Money Judgments), under Title 9 (Enforcement of Judgments) of the California Code of Civil Procedure.

right to file a claim of exemption after levy, where time is of the essence, or to file for bankruptcy, and be bound thereafter by that decision." *In re Reaves*, 256 B.R. at 311. This interpretation would place debtors in a difficult position—they would either have to invoke the regular exemption scheme to maintain immediate control of their property, thereby foregoing potential protections in bankruptcy, or hastily file bankruptcy, incurring all the detriments that such a decision would involve. Thus, rather than affording debtors a broad safety net, Little's preclusion analysis would read the dual exemption regime to reduce debtor discretion at a time when it is most needed.

Little's analysis is also contrary to the underlying purpose of the bankruptcy statute to give debtors a "fresh start." *See In re Jastrem*, 253 F.3d at 442. Little's statutory interpretation would deprive a debtor of the opportunity to claim exemptions under § 703.140(b), which are not available prior to the initiation of bankruptcy, when she previously makes regular exemption claims. Rather than receiving a fresh start, a debtor would therefore incur the detriments of bankruptcy, without the full range of exemptions afforded by statute. In other words, a debtor's post-bankruptcy options would be circumscribed by decisions made prior to the invocation of bankruptcy proceedings—a result inconsistent with the fresh start rationale.

 To buttress his contention that § 703.140 precludes Reaves' consecutive use of exemptions, Little raises a slightly different argument—namely, that such consecutive use violates California's election of remedies doctrine. "The doctrine of election of remedies acts as a bar precluding a plaintiff from seeking an inconsistent remedy as the result of his previous conduct or election." *Roam v. Koop*, 41 Cal.App.3d 1035, 116 Cal.Rptr. 539, 542 (1974).

[A] party having two or more coexisting modes of procedure and relief allowed by law on the same state of facts, one of which is inconsistent with the other, may not pursue both but must choose between them, and when, with knowledge of the facts, he has clearly elected to proceed upon one, he is thereby +bound and will be estopped from invoking the other.

*Calhoun v. Calhoun*, 81 Cal.App.2d 297, 183 P.2d 922, 927 (1947) (citation and quotation marks omitted).

 Invoking this doctrine, Little suggests that by electing to pursue the regular exemptions, Reaves was bound by that choice and therefore estopped from pursuing the special exemptions. Little cites *Calhoun, Roam, Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67 (9th Cir.1956), and a series of related cases in support of his election-of-remedies argument. *Calhoun* involved a wife who had sought permanent maintenance in an initial divorce action and later filed a separate action seeking alimony. The court determined that, because she had elected her remedy by seeking permanent maintenance rather than pursuing alimony, the wife was estopped in the second action from again pursuing the alimony remedy. *Calhoun*, 183 P.2d at 926–27. In *Roam*, the court presumed the applicability of the election of remedies doctrine where the plaintiff had pled inconsistent causes of action founded in tort and contract, and then obtained a writ of attachment available solely in connection with his contract action. *Roam*, 116 Cal.Rptr. at 543. In *Sears*, the court held that an employer that obtained a writ of attachment to enforce a state-court action for "money had and received" was estopped from claiming that the employee was liable for any other damage arising out of the same facts un-

der the election-of-remedies doctrine. *Sears*, 245 F.2d at 69.

None of these cases is applicable here, because this is not a situation in which there were two *inconsistent* remedies that were both pursued on the same set of facts. Rather, Reaves pursued two *complementary* remedies under quite distinct factual circumstances—while Reaves claimed regular exemptions in response to an execution of levy, she invoked the special exemptions only after taking the significant step of filing Chapter 7 bankruptcy. Moreover, as discussed above, the bankruptcy statute clearly contemplated that the election of different exemptions would apply only after a bankruptcy petition was filed. As Reaves only pursued one exemption after initiating Chapter 7 bankruptcy proceedings, she did not violate the election-of-remedies doctrine.

Little also argues that the BAP's decision permitting Reaves special exemptions is contrary to *In re Talmadge*. This argument is simply misplaced. In *Talmadge*, the issue was whether married debtors were limited to a single set of exemptions under § 703.140, or whether they were permitted to each claim their own set of exemptions. 832 F.2d at 1123. We held that § 703.110, which stated that two debtor spouses are entitled to only "one exemption limited to the specified maximum dollar amount," effectively modified § 703.140 to limit married debtors to a single set of exemptions. *Id.* at 1123–25.

Contrary to Little's contention, the *Talmadge* analysis of exemptions for married debtors is wholly consistent with the BAP's interpretation of the election provision of § 703.140. Nothing in *Talmadge* would prevent married debtors from claiming regular exemptions prior to bankruptcy and special exemptions after bankruptcy, in a manner similar to what Reaves did in this case. Conversely, were Reaves married, *Talmadge* would apply to prevent her and her spouse from doubling up on exemptions post-bankruptcy by each claiming their own set. All *Talmadge* held was that, once bankruptcy is initiated, a married couple is treated as a single unit for the purposes of exercising the election provided in § 703.140. It says nothing about the consecutive election question at issue here.

We, therefore, reject Little's election-of-remedies argument and uphold the BAP's interpretation of § 703.140.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the BAP properly affirmed the bankruptcy court's order granting Reaves' Motion to Avoid Lien of Personal Property and Release Personal Property to Debtor.[6] The judgment of the BAP is therefore

**AFFIRMED.**

---

**6.** The BAP also held that Reaves was not barred by res judicata or collateral estoppel from claiming the special exemptions under § 703.140. *In re Reaves*, 256 B.R. at 311–12. Little, however, has explicitly argued that those doctrines do not apply, resting his pre-

clusion argument solely on the basis of his construction of § 703.140. Because Little disclaims reliance on res judicata or collateral estoppel grounds, we need not address this portion of the BAP's decision.